MARY NOONAN *vs.* CITY OF LAWRENCE.

Essex. Nov. 4, 1880. — Jan. 15, 1881. AMES & ENDICOTT, JJ., absent.

A notice to a city that a person has been injured on a street named, by "the defective and dangerous condition of the way, which the city negligently permitted to be out of repair," does not sufficiently designate the cause of the injury, within the St. of 1877, *c.* 234, § 3.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Writ dated April 18, 1879. Trial in the Superior Court, before *Aldrich*, J., who reported for the consideration of this court the following case :

The plaintiff introduced evidence tending to show that while travelling, in the exercise of due care, on the sidewalk of Oak Street, a public way in the defendant city, in the evening of March 6, 1879, she fell and was hurt; that her fall and consequent injury were caused by a defective and dangerous condition of the way which the defendant had notice of and by reasonable diligence might have remedied, produced by snow and ice which the defendant had negligently permitted to accumulate upon the sidewalk, and to be formed into rough and uneven ridges and slopes by the action of a snow-plough used by the defendant in breaking out paths along the way after snow-falls during the winter, and by the travel of passengers over it. There was evidence of a fall of snow, estimated at two inches, on the day of the injury. The plaintiff did not contend, and no evidence was offered tending to show, that there was any fault in the construction of the sidewalk itself, or any defect other than that created by the formation of snow and ice.

On March 18, 1879, the plaintiff caused to be served on the mayor of the defendant city a written notice, signed in her behalf by her attorney, as follows: "This is to notify you that Mary Noonan fell on the sidewalk on the south side of Oak Street, a short distance easterly from Lawrence Street and opposite the premises occupied by Charles Morrison, and belonging as she is informed, though she cannot state positively, to Joseph P. Battles, on Thursday, the 6th day of March, A. D. 1879, at about the hour of six and a half o'clock, P. M., and dislocated her

shoulder and suffered a severe shock from the fall. She says that she was travelling on the sidewalk at the time stated, and in the exercise of due care, and that the cause of her fall and consequent injury was the defective and dangerous condition of the way, which the city negligently permitted to be out of repair though bound by law to keep it in repair, and she claims compensation for her said injuries."

The judge ruled that the notice was insufficient to satisfy the requirements of the St. of 1877, c. 234, § 3, for the reason that it did not sufficiently designate the nature of the alleged defect claimed to be the cause of the injury; and directed the jury to return a verdict for the defendant.

If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be granted.

*J. K. Tarbox*, for the plaintiff.

*E. T. Burley*, for the defendant.

LORD, J. The ruling of the presiding judge, that the notice to the city in this case was insufficient to lay the foundation for an action, was correct. The Legislature has seen fit to provide that the city or town bound to keep a way in repair, and liable for injuries sustained in consequence of its being out of repair, shall within thirty days of any injury be notified, in behalf of the person sustaining the injury, of "the time, place and cause of said injury." A notice to the city in these words, "Week before last I sustained an injury on Oak Street in your city by reason of its want of repair," would be wholly insufficient, although in general terms it states the time, the place, and the cause of the injury. Such notice would be substantially valueless to the city, and there can be no doubt that the statute intended that the notice should be of substantial advantage to the city or town; and so it has been held uniformly, since its enactment, that the notice is to be specific, as to time and place and cause. To say that the injury was upon a street several miles in length, is scarcely more specific than to say "upon a street in your city;" and to state that the injury was caused by "the defective and dangerous condition of the way, which the city negligently permitted to be out of repair," is not notice of the cause of the injury; it is simply stating the general ground upon which a city in every case is liable for injuries sustained upon the

highway; but it states no cause for this particular injury. It is equally consistent with an excavation in the way, an obstruction upon the way, an original malconstruction of the way, a worn, uneven and irregular condition of the surface of the earth, an accumulation of snow or ice, or both, or any of the many varieties of defect which may exist in a way. The notice must, to be sufficient, be so reasonably specific as to time, place and cause, as to be of substantial assistance to the proper authorities in investigating the question of their liability.

*Judgment on the verdict*