MARY MADDEN *vs.* CITY OF SPRINGFIELD.

Hampden. Sept. 27. — Oct. 22, 1881. LORD & DEVENS, JJ., absent.

The provision of the St. of 1877, c. 234, § 3, that "any person" injured by a defect in a highway shall within thirty days thereafter give notice to the town, city, place or persons obliged by law to repair the same, of the time, place and cause of the injury, includes infants.

A notice to a city that a person has been injured on a street named "by reason of a defect in the highway," does not sufficiently designate the cause of the injury, within the St. of 1877, c. 234, § 3.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Answer: 1. A general denial. 2. That no notice of the injury was received by the defendant as required by law. Trial in the Superior Court, before *Gardner*, J., who reported the case for the determination of this court, in substance as follows:

It appeared that, on April 23, 1879, at noon, the plaintiff, who was then six years and nine months old, fell, in consequence of a defect in Main Street in the defendant city, at a point where two rails in the street railway unite, and broke her arm.

There was no evidence that her mind was affected by the accident, or that there was any substantial difference in her mental or physical condition from the day of the accident to June 13 following.

On that day the following notice was served upon the defendant's city clerk: " To the city of Springfield. Please take notice that, on the 23d day of April, A. D. 1879, Mary Madden, my daughter, received an injury by reason of a defect in the highway in said Springfield, known as Main Street, upon the crosswalk therein between Elm and Sanford Streets; that said Mary Madden was incapable, from physical and mental incapacity, of giving notice within an earlier period, and I hereby give this

notice in behalf of said Mary Madden, being thereto duly authorized. John Madden. Springfield, Mass., June 13, 1879."

The plaintiff asked the judge to rule that, upon the evidence, it was not necessary that the plaintiff should give any notice to the defendant. The judge refused so to rule; ruled that the plaintiff could not recover; and directed the jury to return a verdict for the defendant. If the rulings were correct, the verdict was to stand; otherwise, a new trial was to be ordered.

*E. B. Maynard*, for the plaintiff.

*N. A. Leonard & G. Wells*, (*T. M. Brown* with them,) for the defendant.

MORTON, J. The statute provides that "any person" injured by a defect in a highway, shall within thirty days thereafter give notice to the town, city, place or persons obliged by law to repair the same, of the time, place and cause of the injury; such notice is a condition precedent to the right to maintain an action for the injury. St. 1877, c. 234. *Kenady* v. *Lawrence*, 128 Mass. 318. *Gay* v. *Cambridge*, 128 Mass. 387.

This provision includes infants as well as adults, a sufficient protection to the rights of infants being furnished by the further provision which permits the notice to be given in their behalf by their parents, guardians or any other person. § 4. *Taylor* v. *Woburn*, 130 Mass. 494. In the case at bar, the father of the infant plaintiff, more than thirty days after the injury, gave written notice of the injury to the defendant. It would be useless to discuss the questions whether there was a sufficient excuse for the delay in giving the notice, or whether there is a sufficient description of the place of the injury, because the notice is fatally defective in another respect. The only cause of the injury set out in the notice is that it was received "by reason of a defect in the highway."

In *Miles* v. *Lynn*, 130 Mass. 398, where the notice stated that the cause of the injury was "by reason of a defect in the street," and in *Noonan* v. *Lawrence*, 130 Mass. 161, where equivalent words were used, it was held that the notices were insufficient under the statute. These cases are decisive of the case at bar.

*Judgment on the verdict.*