## RACHEL J. SAVORY *vs.* CITY OF HAVERHILL.

Essex. Nov. 1, 1881. — March 2, 1882. MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

A notice to a city that a person has been injured on a day named, while driving through K. Street, by the wheel of his carriage " colliding with a stone in the highway directly in front of house formerly owned and now occupied by B. on the westerly side of K. Street," sufficiently designates the time, place and cause of the injury, under the St. of 1877, c. 234, § 3; and it is not necessary that the notice should state that the stone was a defect, or that the injured person intended to claim damages.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city. Writ dated April 30, 1880. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows :

The evidence tended to prove that the defect relied on was a stone situated on the westerly side of Kent Street in the defendant city, directly in front of a house occupied by Eben D. Bailey, which stone was about one foot high, one and a half feet wide and two feet long, and projected beyond the paved gutter several inches into the travelled part of the street.

The following notice, dated October 17, 1879, addressed to the defendant, and signed by the plaintiff, was put in evidence : " Please take notice that on the ninth day of October, 1879,

while driving from Highland Avenue and Summer Street to Water Street through Kent Street, the wheel of my carriage collided with a stone in the highway directly in front of house formerly owned and now occupied by Eben D. Bailey on the westerly side of Kent Street, and in consequence I was thrown from my carriage and greatly injured."

The defendant asked the judge to rule that the notice was insufficient in law, for the following reasons: " 1. Because it does not sufficiently describe the cause. 2. There is no description or designation of the stone. 3. The notice does not allege that there was any defect, or that the injury was caused by any defect. 4. It indicates no purpose of making any claim on the city."

The judge refused so to rule. The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*J. O. Wardwell,* for the defendant.

*W. H. Moody,* (*E. J. Sherman* with him,) for the plaintiff.

DEVENS, J. The written notice in the present case, given within thirty days after the injury to the plaintiff and before action brought, was sufficient. It informed the city of the time by stating the day when the injury occurred. All defects are undoubtedly much more liable to cause injury at night than in the daytime, and the city was bound to keep its ways safe and convenient for travellers at all times. But if the city was informed of the day of the occurrence, it could, if it were also informed of the place and alleged cause of the injury, determine whether at any time during that day the way was out of repair. *Donnelly* v. *Fall River, ante,* 299. The place was also clearly pointed out by the notice. In a notice such as this, addressed to the city of Haverhill, it is not possible that any other Kent Street than that within its limits could have been intended, and the position upon the street was identified as being " directly in front of house formerly owned and now occupied by Eben D. Bailey on the westerly side " thereof. The cause of the injury is not, as in *Noonan* v. *Lawrence,* 130 Mass. 161, stated to be a defect in the highway, but to have been the collision of the wheel of the plaintiff's carriage with a stone in the highway at the point designated. The notice was so framed, in the three respects of time, place and cause deemed important by the

statute, as to be of substantial value to the city in investigating the transaction.

It is further objected that the notice does not allege that the stone was a defect, nor that the party giving it intended to claim damages; but neither of these allegations is required by statute.                                    *Exceptions overruled.*