## JAMES F. WOODCOCK *vs.* CITY OF WORCESTER.

Worcester.    Oct. 2, 1884. — Jan. 10, 1885.    C. ALLEN & COLBURN, JJ.,
absent.

In an action against a city for personal injuries occasioned to the plaintiff by
falling upon an accumulation of frozen snow and ice on a sidewalk, it is within
the discretion of the presiding judge to reject evidence of the icy condition
of the sidewalk at the same place a week before the accident, if offered to
prove the condition at the time of the accident, or to prove notice to the city
of such condition, if the plaintiff's testimony shows that on the day before the
accident snow fell to the depth of several inches, followed by rain and by a
thaw.

TORT for personal injuries occasioned to the plaintiff by fall-
ing upon a defective sidewalk in Main Street in the defendant
city, on December 9, 1882.    Trial in the Superior Court, before
*Blodgett,* J., who allowed a bill of exceptions, in substance as
follows:

The plaintiff testified that his fall was caused by a defect in
the sidewalk, which defect consisted of an accumulation of rough
and uneven frozen snow and ice extending across and along the
sidewalk; that it was caused in part by water flowing over from
the gutter upon the sidewalk, and freezing there; that he stepped
into one of two gullies, two to three inches deep, formed in said
snow and ice by the sliding of school children, and slipped and
fell upon a ridge of rough ice, about two feet away, on the side-
walk, from five to six feet long and from five to six inches deep
at the ridge, and sloping off both ways; that, on the day before
the accident, snow fell to the depth of four or five inches, fol-
lowed by rain and a thaw the next morning, and it then cleared
off cold; and that, after the storm, the snow and sleet were not
removed from the sidewalk.

A witness for the plaintiff testified that he had been over the
sidewalk at the place of the accident a week before it happened,
and had also examined it the day after the accident; and de-
scribed the condition of the sidewalk at that place the day after
the accident in substantially the same manner as the plaintiff
did.    He was then asked by the plaintiff's counsel to describe
the condition of the sidewalk at the same place when he was
there a week before.    The defendant's counsel objected; and
the judge asked for what purpose the evidence was offered.

The plaintiff's counsel replied, that the evidence was offered as tending to show what the condition of the sidewalk was at the time of the accident, and also for the purpose of showing that the defendant had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part; and that he expected to prove by this and other witnesses that the defect had existed in substantially the same way, and at the same place, eight or ten days before the accident. The judge excluded the evidence; and the plaintiff excepted.

The defendant offered evidence tending to show that the sidewalk was not in a defective condition; and that there was no accumulation of rough and uneven frozen snow and ice upon it; and the defence was confined solely to this matter.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*B. W. Potter*, for the plaintiff.

*F. P. Goulding*, for the defendant.

HOLMES, J. The court might, in its discretion, reject evidence of the condition of the sidewalk as to ice a week before the accident happened, so far as offered to prove the condition at the time of the accident, even if, under special circumstances, it would have been warranted in admitting it. *Berrenberg* v. *Boston*, 137 Mass. 231. The witness called did not undertake to speak to the continuance of the same defect down to the moment of the accident, from daily observation, and, although the counsel for the plaintiff stated that he expected to prove by this and other witnesses that the defect had existed in substantially the same way for eight or ten days, yet in view of the plaintiff's own testimony that, the day before the accident, snow fell to the depth of four or five inches, followed by rain and then by a thaw, we must take it that the intended proof was by way of inference from other testimony like that offered, which the court very properly considered too remote. The plaintiff argues that the evidence was admissible to prove notice. What we have said applies to this argument also, for the notice to be proved must be notice of the same defect. Furthermore, the defence was not put on want of notice of the condition of the sidewalk, such as it was, but on a denial that the condition was defective. *Exceptions overruled.*