KATE T. LIFFIN *vs.* INHABITANTS OF BEVERLY.

Essex. Nov. 2, 1887. — Jan. 6, 1888. DEVENS & KNOWLTON, JJ., absent.

In an action against a town for an injury occasioned by an alleged defect in a way, the notice to the town stated, as the cause of the injury, that the way was " defectively constructed and left in a dangerous and unfinished condition." The plaintiff offered to prove that her foot went into a hole caused by a defective construction of the way. *Held,* that the notice was sufficient, under the St. of 1882, *c.* 36, unless there was an intention to mislead, and the defendant was in fact misled; and that these questions were for the jury.

TORT, for personal injuries occasioned to the plaintiff by a defect in a way in Beverly, which the defendants were bound to keep in repair. Trial in the Superior Court before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff's counsel, in opening his case to the jury, offered to prove the following facts.

There is in the defendant town a public highway called Elliot Street, on which the plaintiff lives. On December 24, 1884, the plaintiff, while travelling upon said street, and in the exercise of due care, struck her foot against a hard substance of either snow or ice. At the same time her foot broke through the ice on which she was standing, and went into a hole about four or five inches in depth and her leg was broken. At the time of the accident there was no defined sidewalk constructed at the place where the injury happened. On the side of the way where the plaintiff was injured was a large depression, forming a basin, where snow, ice, and water would remain in the

winter; and, when said depression or basin got filled with water or snow, the water ran across said way, and washed away, and gullied out a passageway for itself across said way, making the way dangerous. The way where the injury occurred was improperly constructed, and allowed to remain in a dangerous and unfinished condition.

The plaintiff offered in evidence the following notice, addressed to the selectmen, signed by her, and handed to the town clerk:

"You are hereby notified that on December 24, 1884, about two o'clock in the afternoon, I fell down on the northerly side of the travelled way, nearly in front of the dwelling-house occupied by George Tufts on Elliot Street in Beverly, in said county of Essex, and received bodily injuries. The place where I received said injury may be found as follows: beginning at the southwesterly corner of the dwelling-house occupied by said Tufts on said Elliot Street, and thence running southerly on a line at right angles with the front of said house about fifty-seven feet to a point on the northerly side of said travelled way, and running westerly by said travelled way about ten feet to the place where I received the aforesaid injury. The cause of my injury at the time and place aforesaid was: 1st. A defect in said travelled way on said Elliot Street, by reason of an accumulation of snow, ice, and hobbly and rough snow and ice, making said place where I received said injury rough, hobbly, slippery, uneven, and dangerous; and 2d. That said travelled way, where I received said injury, was defectively constructed, and is now, and was at the time of the injury, left in a dangerous and unfinished condition."

The defendant objected to the case opened by the plaintiff, on the ground that the notice did not state the existence of a hole or gully in the street, by means of which the plaintiff received her injury. The defendant also contended that it was misled by the notice; and no evidence was offered by the plaintiff to show that the defendant had not in fact been misled.

The judge sustained the defendant's objections, and ruled that the plaintiff could not recover for an injury caused by the existence of the hole or gully described in the plaintiff's opening, because the notice did not describe such a defect; and, upon the plaintiff's counsel stating that he relied upon and

proposed to prove the case opened to the jury, a verdict for the defendant was ordered. The plaintiff alleged exceptions.

*D. W. Quill*, for the plaintiff.

*H. P. Moulton*, for the defendant.

W. ALLEN, J. The St. of 1882, *c*. 36, provides that a notice shall not be deemed to be insufficient by reason of any inaccuracy in stating the cause of the injury, if it is shown that there was no intention to mislead, and if the party entitled to notice was not in fact misled.

The place of the injury is minutely described in the notice, and it is said, as a cause of the injury, that the way at that place was defectively constructed, and in a dangerous and unfinished condition. The plaintiff offered to prove that the way was imperfectly constructed, so that at times water would accumulate on its side and run over the way and gully out a channel across it, and that she broke through the ice into a hole or gully four or five inches deep, caused by such faulty construction of the way. The jury might have found that there was no intention to mislead, and that the defendant was not in fact misled by the notice. Suppose the plaintiff had proved her case as she opened it, and shown that, if one of the defendant's officers had gone to the spot designated in the notice, he could have found a way defectively constructed so as to collect the water in winter and pour it over the travelled path, and a hole or gully four or five inches deep caused by such defective condition, would not a jury be justified, in the absence of any evidence to the contrary, in finding that the defendant was not misled? The notice pointed to a particular place of the highway which it said was defectively constructed, and left in a dangerous and unfinished condition. It does not follow, from the fact that that particular defect was not mentioned, that the defendant was misled; and a jury would be authorized to find, upon proof of the facts stated by the plaintiff, and in the absence of other evidence, that there was no intention to mislead, and that the defendant was not in fact misled. *Fortin* v. *Easthampton*, 142 Mass. 486. *Canterbury* v. *Boston*, 141 Mass. 215. *Spellman* v. *Chicopee*, 131 Mass. 443. *Exceptions sustained.*