John D. Pendergast *vs.* Inhabitants of Clinton.

Worcester.   October 1, 1888. — October 13, 1888.

Present : Morton, C. J., Devens, W. Allen, C. Allen, & Holmes, JJ.

*Personal Injuries — Highway Defect — Notice of Time, Place, and Cause.*

A notice to a town that a person has been injured on a day named, while driving down U. Street, by the wheel of his carriage striking "a barrel placed in a hole in the highway, a little below the house occupied by E. R. as a boarding-house, and nearly opposite a maple tree standing on the northerly side of said street," sufficiently designates the time, place, and cause of the injury, under the Pub. Sts. c. 52, § 19 ; and instructions given to a jury upon the assumption that such notice was defective are immaterial.

Tort for personal injuries occasioned to the plaintiff by an alleged defect in Union Street in the defendant town.

At the trial in the Superior Court, before *Mason*, J., it was admitted that the following notice was duly served : " To the inhabitants of the town of Clinton : You are hereby notified that on the 20th day of July, 1884, while driving down Union Street in Clinton, the wheel of the carriage in which I was riding struck a barrel placed in a hole in the highway, a little below the house occupied by Eri Richardson as a boarding-house, and nearly opposite a maple tree standing on the northerly side of said street, and in consequence I was thrown from the carriage and greatly injured. I claim of the town compensation for the injury received. John Pendergast, by his attorney, Charles G. Stevens. Clinton, July 24, 1884."

At the close of the evidence, the defendant asked the judge to rule " that there was no sufficient notice of the time, place, and cause of the plaintiff's injury." The judge declined so to rule, and, without expressly ruling that the written notice was defective, as both parties had assumed it to be so, instructed the jury that, to enable the plaintiff to recover, they must be satisfied, by fair preponderance of the evidence, that he did not intend to mislead by his notice, and that the defendant town was not in fact misled thereby, and that if the plaintiff had proved that he did not intend to mislead by said notice, and

that said notice did not in fact mislead the defendant town, there was sufficient notice.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. W. Corcoran*, for the defendant.

*J. R. Thayer & A. P. Rugg*, for the plaintiff.

BY THE COURT. The notice given to the town was sufficient to satisfy the requirements of the statute. It was given within thirty days after the injury, and sets out " the time, place, and cause of the said injury," with reasonable certainty. Pub. Sts. c. 52, § 19. *Savory* v. *Haverhill*, 132 Mass. 324. As the notice was sufficient, the instructions given to the jury upon the assumption that it was defective are immaterial. We need not, therefore, discuss them, but we do not intend to imply that there was any error in them.

The other exception taken at the trial is waived.

*Exceptions overruled.*