GEORGE W. GARDNER *vs.* INHABITANTS OF WEYMOUTH.

Norfolk.     January 15, 1892. — February 25, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Defect in Highway — Notice of Place.* ·

A notice to a town, by a person injured by a defect in a highway, stating merely that "owing to a defect in the sidewalk" he "fell over a hydrant," does not sufficiently designate the place of the injury, within the Pub. Sts. c. 52, § 19, as amended by the St. of 1888, c. 114.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant town.

At the trial in the Superior Court, before *Thompson*, J., the plaintiff offered in evidence the following notice, signed by the plaintiff, which, it was admitted, was duly received by the defendant's selectmen : " Hingham Centre, May 11th, 1889.   To the Honorable Board of Selectmen of the Town of Weymouth. Dear Sirs : Owing to a defect in the sidewalk, (to which I can swear and also have two witnesses,) which has since been repaired, I, on the 13th day of April, having an umbrella open in front of me, fell over a hydrant and injured my knee, so that it has terminated in water on the kneepan, which will lay me up for an indefinite length of time.   I was advised to talk with the board first, and notified them accordingly, of which no notice has been taken.   I cannot let the affair rest, as it was the fault of the highway, so will write you before acting further."

' The defendant objected to the admission of the notice, on the ground that it was not a proper or sufficient notice under the statute ; but the judge admitted it, and the defendant excepted. The plaintiff, who conceded that the notice was not a sufficient notice in itself to satisfy the statute, was allowed, against the defendant's objection, to introduce in evidence a conversation between the plaintiff's father and one Dizer, one of the defendant's selectmen, five days before the date of the notice, tending to show that the place of the accident was described to Dizer, and that he was not misled by the notice.   This was partially contradicted by Dizer in his testimony.   At the close of the

evidence, the defendant asked the judge to rule that, if Dizer was in fact misled as to the place of the accident by the interview with the plaintiff's father, the plaintiff could not maintain the action. The judge declined so to rule, and submitted to the jury the question whether, taking together the written notice, the conversation with Dizer, and the ordinary knowledge which Dizer had or was presumed to have with reference to localities, he was in fact misled as to the place of the accident.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. Lowell & G. R. Swasey*, for the defendant.

*J. L. Converse*, for the plaintiff.

KNOWLTON, J. Under the Pub. Sts. c. 52, § 19, a person injured by a defect in a highway, who seeks to recover from a city or town for his injury, must give notice in writing of the time, place, and cause of the injury. This statute has never been repealed, but remains in full force. The only modification of it applicable to ordinary cases is found in the St. of 1882, c. 36, which is repealed and re-enacted by the St. of 1888, c. 114. The language of the amendment is as follows: "But no notice given under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury; provided, that it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

This amendment does not relieve a plaintiff of the necessity of giving a notice, nor of stating in his notice each of the three facts called for by the statute, namely, the time, place, and cause of the injury. It purports to relieve only from the effect of an inaccuracy in stating either of these, where there was no intention to mislead the defendant, and where the defendant was not in fact misled. Construing it strictly, it seems to contemplate a case where the notice would be sufficient as to the required elements, were it not for an inaccuracy in the statement that is liable to mislead. Before the passage of this statute, it was held that a notice, to be good, must be sufficiently full and accurate in stating each of the required particulars to furnish substantial aid to the defendant in the investigation of the claim, and to enable the authorities to ascertain with reasonable certainty on

what it was founded.  *Noonan* v. *Lawrence*, 130 Mass. 161. *Bailey* v. *Everett*, 132 Mass. 441.

We think it would be too strict a·construction to hold that the amendment applies only to cases of misstatement ; for an incomplete and imperfect statement which is not false may be termed inaccurate, and may sometimes mislead.   Yet the amendment can have no application where there is no statement at all; and this is true, whether the omission to make a statement relates to only one of the required particulars, or to all of them.   Since the passage of the amendatory statute, as well as before, there must be, in regard to each particular, a statement such as would, if correct, be of substantial assistance to the authorities in the investigation of the claim.   This is a condition precedent to the maintenance of the suit.   If there is a statement of the kind required which as to the time or the place or the cause of the injury is inaccurate, whether from falsity or deficiency, whether through omission or error, the plaintiff may still recover if there was no intention to mislead, and if the inaccuracy did not in fact mislead.

In the present case the notice contains no statement of the place of the injury, even if it could be held that there is a statement of the cause of it.   All that appears is that the accident happened on some sidewalk where there was a hydrant ; but this is not enough.   For this reason the notice is fatally defective, and it cannot properly be said that there was an inaccuracy in stating the place, so as to make the amendment applicable, when there was no statement of it, nor any attempt to state it.

The decision in *Fortin* v. *Easthampton*, 142 Mass. 486, does not go far enough to sustain the plaintiff's contention, and we know of no authority inconsistent with the view of the case which we have taken.   See *Liffin* v. *Beverly*, 145 Mass. 549 ; *Pendergast* v. *Clinton*, 147 Mass. 402 ; *Canterbury* v. *Boston*, 141 Mass. 215, 218.   The principle which governs this case was applied to another very similar statute in *Ellinwood* v. *Worcester*, 154 Mass. 590.

*Exceptions sustained.*