ANNIE M. CARBERRY *vs.* INHABITANTS OF SHARON.

Norfolk.    March 13, 1896. — April 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Sufficiency of Notice to Town.*

A notice to a town which mentions as the cause of injury to a person that "she was thrown from her carriage, caused by a defect in the road," is sufficient under St. 1888, c. 114, it having been proved at the trial that there was no intention to mislead, and that the town was not in fact misled thereby.

It is not necessary that a notice to a town of the cause of an injury received on a highway should say in express terms that it is signed in behalf of the person who receives the injuries, if that can be gathered from its terms; and if the notice shows that the signer was the husband of the plaintiff, and that she had received an injury "for which we will be obliged to make a claim on your town for damages," it is sufficient.

TORT, for personal injuries occasioned to the plaintiff in consequence of an alleged defect in a highway in the defendant town. At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*T. E. Grover*, for the defendant.

*G. W. Anderson*, for the plaintiff.

ALLEN, J. The notice mentions as the cause of the injury that the plaintiff "was thrown from her carriage, caused by a defect in the road." Under a former statute this would have

been insufficient.  *Madden* v. *Springfield,* 131 Mass. 441.  But under the statute now in force, St. 1888, c. 114, it is sufficient, it having been proved at the trial that there was no intention to mislead, and that the town was not in fact misled thereby. *Fortin* v. *Easthampton,* 142 Mass. 486.  *Liffin* v. *Beverly,* 145 Mass. 549.  *Gardner* v. *Weymouth,* 155 Mass. 595.  *Fuller* v. *Hyde Park,* 162 Mass. 51.

The defendant contends that the notice is defective because it does not show on its face that it was signed in behalf of the plaintiff.  But we do not think the notice insufficient on this ground.  It is not necessary that it should say in express terms that it is signed in behalf of the plaintiff, if that can be gathered from its terms.  The notice in the present case shows that the signer was the husband of the plaintiff, and that she had received an injury "for which we will be obliged to make a claim on your town for damages."  This was enough.  See *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, 473; *Nash* v. *South Hadley,* 145 Mass. 105, 107 ; *Taylor* v. *Woburn,* 130 Mass. 494.                    *Exceptions overruled.*