ANDREW J. MILLER *vs.* CITY OF SPRINGFIELD.

Hampshire.    September 18, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

In an action against a city for an injury caused by a defect in a highway, the alleged defect consisted in the slope of the brick paving of a street adjoining the tracks of a street railway. The wheel of the plaintiff's wagon caught in the track and in getting the wheel out of the track part of the harness broke and caused the wagon to hit the horse and the horse to run away. The plaintiff was thrown out and injured at a point in the same street three hundred yards from the spot where the wheel caught. The notice to the city under Pub. Sts. c. 52, § 19, described as the place of the injury the part of the street where the plaintiff was thrown out, and stated as the cause of the injury the defective condition of the street "on account of faulty construction of the paving in and around the rails of the street railway making too abrupt a slope." The presiding judge left the question of the accuracy of the notice to the jury, who gave a verdict for the plaintiff. *Held,* that the notice was insufficient in not giving proper information to the city of the place of the defect alleged to have been the cause of the injury, and that the jury should have been so instructed.

TORT, for injuries received by the plaintiff by reason of the defective condition of Dwight Street in the city of Springfield. Writ dated November 16, 1898.

At the trial in the Superior Court, before *Stevens,* J., the plaintiff introduced evidence tending to show that the defect was occasioned by the presence in the street of the rails of the Springfield Street Railway Company. The entire street was paved with brick both inside and outside the rails, and the plaintiff contended that the alleged defect existed by reason of the way the bricks were laid up to the inside of the rails, making a trough or "too abrupt a slope," in which the wheel of the plaintiff's wagon was caught.

Evidence was introduced by the plaintiff that the defect ex-

isted in so much of the length of Dwight Street as lay between East Court Street and the corner of Lyman Street alluded to in the notice and where the injury happened, a distance of about three hundred yards.

The plaintiff testified that he drove his team out of a livery stable and turned to the north to go up Dwight Street, and drove over to the left or west side of the street and on to the west track of the street railway; that he met a team coming toward him and on the west side of the street, having the right of way, and endeavored to turn his team to the right to go by, and testified, " I yanked my horse around, trying to get him out this way and that; I pulled him one way and then the other trying to get out of the tracks, I yanked him around, and then he kicked, it seemed to me as though something was broke at the back. I yanked the horse eight or ten times to get him out."

At this point, opposite East Court Street, the horse began to run, and ran until the plaintiff was thrown out at Lyman Street.

The following written notice signed in behalf of the plaintiff was given by the plaintiff to the defendant in attempted compliance with Pub. Sts. c. 52, § 19:

" To the City of Springfield, Massachusetts.

" I hereby notify you that I claim damages of the City of Springfield for injuries received by me and damages to my horse, wagon and harness.

"First: The time of said injury and damage was September 14, 1898.

" Second: The place of said injury and damage was on Dwight Street, in said Springfield, near the intersection of Lyman Street, and about twenty-five feet from said Lyman Street.

" Third: The cause of said injury and damage was the defective condition of Dwight Street, a public highway that said city is bound to keep in repair, said street being defective on account of faulty construction of the paving in and around the rails of the Springfield Street Railway Company making too abrupt a slope and which might have been remedied or which injury and damage might have been prevented by reasonable care and diligence on the part of said city.

" Springfield, Massachusetts, October 14, 1898."

It appeared in evidence that the defendant had no notice or knowledge that any other place of injury or of defect was claimed than that indicated in the above notice until the time of the first trial of the case, March 29, 1899, when notice that the entire street was claimed to be defective was given verbally to the city solicitor by the plaintiff's counsel.

The superintendent of streets and the city engineer of the defendant both testified that they looked for no other place of defect or of injury except at the point " about twenty-five feet from said Lyman Street " as indicated in the notice, and that they were both misled as to the place and character of the alleged defect by the notice.

The defendant among other requests asked the judge to rule " that if the defendant was led to believe by the notice, and did believe that the alleged defect which caused the accident was ' about twenty-five feet from Lyman Street,' then the plaintiff cannot recover, and that upon all the evidence the plaintiff cannot recover."

The judge declined to give the rulings, but left the question of the accuracy of the notice to the jury, in the manner stated in the opinion of the court.

The jury gave a verdict for the plaintiff ; and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant.

*S. S. Taft & J. W. Steele*, (*L. F. Hardy* with them,) for the plaintiff.

HAMMOND, J.   The plaintiff testified that he was driving on Dwight Street in the defendant city, near East Court Street, when the wheels of his wagon got into the street car tracks and " the wagon switched around quite a little " ; that he tried to get out of the rut ; that he " yanked " his horse " around . . . one way and then the other "; that he did not get out of the tracks ; that when he " yanked " the horse, it seemed " as though the breeching or something broke, and that let the wagon up onto " the heels of the horse, and that then the horse " kicked and ran . . . as though he was mad," up Dwight Street to the corner of Lyman Street, where the plaintiff was thrown from the wagon and injured.   The distance from the place where the harness broke to the place where the plaintiff was thrown out

was about three hundred yards. The whole of Dwight Street, both outside and inside the rails of the street car track, was paved with brick, and the plaintiff contended at the trial, that the street was defective " by reason of the way the bricks were laid up to the inside of the rails making . . . a trough or ' too abrupt a slope' in which the wheel of the plaintiff's wagon was caught."

The notice described the place of the injury as on Dwight Street near the intersection of Lyman Street, and about twenty-five feet therefrom, and the defect as the " faulty construction of the paving in and around the rails of the " street railway track.

At the close of the evidence the defendant, evidently insisting that the notice was inaccurate in its statement of the place and cause of the injury, asked the court to rule that " if the defendant was led to believe by the notice, and did believe that the alleged defect which caused the accident was ' about twenty-five feet from Lyman Street,' then the plaintiff cannot recover." The court declined so to rule, but ruled that the question, whether or not the defendant was misled, became material only in case the notice was insufficient, and submitted the question of the sufficiency of the notice to the jury under instructions which authorized them to find for the plaintiff if they thought the notice was sufficient. To the refusal to give the instruction requested, and to the ruling submitting to the jury the question of the sufficiency of the notice, the defendant excepted.

We think that the notice was insufficient, and that the jury should have been so instructed. The plain purpose of the statute is, that the city shall have notice of the defect which causes the injury, so that it may understand what the plaintiff claims in that respect and may have a seasonable opportunity to investigate as to its liability. Ordinarily the place of the injury is substantially identical with the place of the defect, and, when that is the case, a description of the nature of the defect, joined with a statement of the place of the injury, is a sufficient description of the cause of the injury. The object of the statutory notice, so far as respects the cause of the injury, is attained, when it enables the city to find with reasonable certainty the locality and nature of the alleged defect. But when the alleged defect

is of the character complained of in this case, and the place of the injury is three hundred yards from the alleged defective spot in the street, it is manifest that a statement, as to the place of the injury, gives no indication whatever as to the real cause of the injury, for it fails to point out the defect with which the wagon came in contact.

The notice in this case does not indicate any place as defective except that where the injury occurred, namely on Dwight Street "near the intersection of Lyman Street, and about twenty-five feet from said Lyman Street." The defect, which was the cause of the injury, was not there but three hundred yards distant therefrom, and it was of that defect that the city should have had notice. It was not sufficient that the existence of a similar defect elsewhere was stated. Such a notice would not aid the city in investigating the question of its liability.

The plaintiff however contends, and there was evidence tending to show, that the same defect existed the whole length of Dwight Street, from East Court Street to Lyman Street. If this was so, then a mere description of the nature of the defect would be too indefinite in a case like this to inform the city of its locality, and would fail to meet the purpose of the notice. And especially would this be so where, as in this case, the only locality stated in the notice is three hundred yards distant from the cause of the injury. *Norwood* v. *Somerville*, 159 Mass. 105. The cause of the injury was not to be found in the defective condition near Lyman Street, but in that near East Court Street. This was the defect with which the wagon came in contact, which was the cause of the injury, and of the locality of which the notice should have given information. Of the locality of this defect the notice gave no sufficient information, and therefore failed to meet the statutory requirements as to the cause of the injury.

The insufficiency of the notice is not such as to be fatal to the plaintiff in another trial, however, provided he bring himself within the proviso contained in St. 1888, c. 114.

*Exceptions sustained.*