CHARLES TOBIN *vs.* INHABITANTS OF BRIMFIELD.

Hampden.     September 23, 1902. — October 29, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Way*, Defect in highway. *Evidence*, Burden of proof. *Municipal Corporations*,
Selectmen. *Practice, Civil*, Exceptions. *Discretion of Court.* *Words*, " Omis-
sion ", " Inaccuracy."

St. 1894, c. 389, providing that a defendant must give a counter notice within five
days in order to avail himself in defence of an action of any " omission " of
the plaintiff to state in a written notice required by law the time, place or cause
of the injury or damage, does not apply to an inaccuracy, although the inaccu-
racy may consist of a want of particularity in the description rather than a
mis-statement.

St. 1894, c. 422, providing that a notice of an injury from a defect in a highway
shall not be deemed insufficient by reason of an inaccuracy, if it is shown that
there was no intention to mislead and that the party entitled to notice was not
in fact misled, puts the burden of proving that the defendant was not misled
upon the plaintiff.

In an action against a town for an injury from a defect in a highway, on the ques-
tion whether the town was misled by an inaccuracy of the statutory notice in
stating the place of the injury, if it is shown that the selectmen were so misled
it may be inferred that the town was misled.

In an action against a town for an injury from a defect in a highway, it is within
the discretion of the presiding judge whether to permit a witness, who already
has testified to the condition of the road at the alleged place of the accident on
the day in question, to testify as to its condition four or five days later in order
to fortify his previous statement, and the exclusion of such testimony for that
purpose is no ground for exception. If the party offering such testimony wishes
it admitted for another purpose and that purpose is legitimate, he must point
this out to the judge.

Condensation of exceptions recommended.

TORT for personal injuries sustained by the plaintiff on the
night of March 4, 1899, from an alleged defect in a certain high-
way leading from Sturbridge through Brimfield, the defendant,
to the town of Wales. Writ dated April 12, 1899.

At the trial in the Superior Court before *Maynard*, J., the
plaintiff, at the close of the evidence, asked the judge to rule, that
the defendant could not avail itself of any omission to state in
the written notice given to the defendant, the place of the injury,
because there was no evidence that the defendant complied with
the provisions of St. 1894, c. 389. The judge refused to make

the ruling requested, and gave the jury certain other instructions upon the subject. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The other questions raised are stated by the court.

*W. H. McClintock*, for the plaintiff.

*W. Hamilton*, for the defendant.

HOLMES, C. J. This is an action for personal injuries suffered on March 4, 1899, and alleged to have been caused by a defect in a highway in the defendant town. According to the plaintiff the place of the accident was about one hundred feet to the east or Fiskdale side of five small bridges, which may be assumed to have been a monument familiar to everybody. The notice to the town under Pub. Sts. c. 52, § 19, amended, St. 1894, c. 422, (R. L. c. 51, § 20,) stated the place as follows: " While driving along the Fiskdale road, so called, leading from Wales, about three or four miles from Wales, at a point on said road on the Fiskdale side of the five bridges, so called." The jury found for the defendant, and under the instructions at the trial may have done so, although it is not likely that they did, on the ground that the notice did not sufficiently state the place of the accident, that the plaintiff intended to mislead the defendant and that the defendant was misled. The plaintiff asked a ruling that the defendant could not avail itself of any omission to state the place of the injury, because it did not appear to have given the plaintiff a notification that the notice was not in compliance with the law, as required by St. 1894, c. 389, (R. L. c. 51, § 22.) This was refused and the plaintiff excepted. The main question before us is whether the defect in the notice constituted an "omission to state the place" within the meaning of the last cited act.

In view of the re-enactment a few days after this statute of the provision in the Public Statutes that a notice shall not be invalid by reason of any inaccuracy in stating the time, place or cause, provided that there was no intention to mislead and the defendant was not misled, (St. 1894, c. 422,) and in view also of the distinction between inaccuracy and omission taken shortly before in *Gardner* v. *Weymouth*, 155 Mass. 595, 597, we think it must be assumed that the statutes intend an antithesis. See also R. L. c. 51, §§ 20, 22. If there is an omission to state the

place there must be a counter notification. If there is an inaccuracy in stating it there need not be, but the notice will not be invalidated except upon the further conditions just mentioned. In this view an omission must be something more than a failure to state the precise spot of the accident with sufficient clearness. The failure must be an omission patent on the face of the document. Whether the vague statement in *Higgins* v. *North Andover*, 168 Mass. 251, was an omission or an inaccuracy was not decided in that case. There the place was stated to be " on the South Andover road between North R. and Andover." The judge took the case from the jury, and what was decided was that this was wrong, whichever the character of the defect. If it was an omission there was no counter notification. If it was an inaccuracy the jury might have found that there was no intention to mislead, and that the town was not misled. Compare *Gardner* v. *Weymouth*, 155 Mass. 595, 597, with *Fortin* v. *Easthampton*, 142 Mass. 486, 489.

We are of opinion that the defect in the present notice must be regarded as an inaccuracy, not as an omission, and therefore that the ruling at the trial was right. According to the testimony the selectmen understood the notice to indicate a place considerably further to the east than the point testified to by the plaintiff, a place three or four miles from Wales. Taking the notice with the evidence as to the condition of the road, we cannot say that this may not have been a reasonable inference, although probably the selectmen were induced in part by rumors to fix the spot where they did. At all events there was an attempt to indicate the spot by the name of the road and the distance from Wales. Of course the notice implied that the accident was within the limits of the defendant town. It is true that the want of accuracy was patent on the face of the paper, but so was the attempt to state the place. It might have happened that the condition of the road would have left no reasonable doubt as to where, if anywhere, the defect must have been. Without undertaking to lay down that whenever there is a reference to the place of the accident by any geographical description, however vague, the defect must be an inaccuracy and cannot amount to an omission, *Gardner* v. *Weymouth*, 155 Mass. 595, it is enough to say that in this case the notice went too

far in the way of identification to be held to omit a statement of the place. See *Miller* v. *Springfield*, 177 Mass. 373, 377. The language in *Donnelly* v. *Fall River*, 130 Mass. 115, and *Post* v. *Foxborough*, 131 Mass. 202, meant simply that there was no sufficiently accurate statement of the place to satisfy the statute.

The question whether there was any evidence that the defendant was misled by the notice is not open on the exceptions. Probably we should not be able to say that there was no evidence to that effect, although the notice would seem more likely to have left the town in the dark than to have misled it. Moreover the statute puts the burden of proving that the defendant was not misled upon the plaintiff.

An exception was taken to the testimony of the selectmen that they were misled. So far as this did not depend on the question already decided, it is put on a distinction between the selectmen and the town. The selectmen are the usual representatives of the town, and were acting for the town in this matter. If they were misled it might be inferred that the town was.

Another exception was taken to the exclusion of testimony concerning the condition of the road at the alleged place of the accident four or five days after the accident, from a witness who already had testified to its condition on March 4. The only obvious purpose of this evidence was to fortify a statement that the witness already had carried as high as it could be carried on the experience of his own senses. For that purpose the court might reject it in its discretion. *McCooe* v. *Dighton, Somerset, & Swansea Street Railway*, 173 Mass. 117, 118. If it was wanted and was legitimate for any other purpose, which we are far from saying, the object should have been mentioned to the court. See *Neal* v. *Boston*, 160 Mass. 518, 522. See also *Woodcock* v. *Worcester*, 138 Mass. 268.

The record in this case presents all the evidence and many pages of the charge. If the exceptions had been reduced to writing in a summary mode as directed by statute, and had been confined to what was necessary, the expense to clients and the trouble to the court would have been much less.

*Exceptions overruled.*