ARTHUR S. CAMERON *vs.* CITY OF SOMERVILLE.

Middlesex.    November 15, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Way*, Public: defect.

A notice to a city under G. L. (Ter. Ed.) c. 84, § 18, which described the cause of injuries sustained by a traveller upon a public sidewalk made of brick as "elevations and depressions in said sidewalk" at the place of injury, was consistent with findings by an auditor, in an action by the traveller against the city under § 15, that at such place the bricks were uneven, that one or more of them had sunk causing a hole or depression and that one brick was about three inches higher than the sunken brick beside it, and was also consistent with testimony for the plaintiff at a subsequent trial of the action that the curbstone was tipped toward the street, that the sidewalk bricks which abutted it in places had fallen down, leaving in one place rather a large hole approximately eleven or twelve inches in length, and that the hole at the inner edge of the curbstone was approximately four inches deep, gradually sloping upward toward the center of the sidewalk; and the description of the cause of the plaintiff's injuries in the notice was sufficient.

TORT. Writ in the District Court of Somerville dated June 22, 1932.

Upon removal to the Superior Court, the action was referred to an auditor, and afterwards was heard by *Greenhalge*, J., without a jury, upon the auditor's report and oral evidence. Material evidence, findings by the auditor and rulings requested by the defendant and refused are described in the opinion. The judge found for the plaintiff in the sum of $1,750. The defendant alleged exceptions. The only

question argued by the defendant before this court was the sufficiency of the notice in stating the cause of the plaintiff's injuries.

*R. J. Muldoon,* for the defendant.

*C. J. Muldoon, Jr.,* (*J. R. Corish* with him,) for the plaintiff.

CROSBY, J. This is an action under G. L. (Ter. Ed.) c. 84, § 15, to recover for personal injuries received by the plaintiff by reason of falling upon a sidewalk in the defendant city on August 6, 1931. The action was brought in the District Court and removed to the Superior Court. It was referred to an auditor, who found that the plaintiff gave a notice in the following form: "You are hereby notified that on Thursday, August 6, 1931, I, Arthur S. Cameron, of said Somerville, while proceeding as a traveler along Wesley Park, a public high-way in said City of Somerville, fell and received severe personal injuries. . . ." The notice further described the place where the accident occurred, and recited that "The cause was elevations and depressions in said sidewalk at said place." The auditor found, by agreement of counsel, that the notice was received by the city clerk of the defendant on August 18, 1931; that a counter notice of insufficiency of the notice was given by the defendant to the plaintiff on August 21, 1931, but no further notice was given by the plaintiff. The auditor found that due notice of the time, place and cause of the accident was given to the defendant; that the sidewalk where the accident occurred was at the time of the accident defective, in that bricks were in an uneven condition, one or more of them having sunk causing a hole or depression, and that the plaintiff's foot struck a raised brick which was about three inches higher than the sunken brick beside it causing him to fall; that the defect had existed for a long time before the accident, and that the defendant had or in the exercise of reasonable care and diligence might have had notice of the defect.

At the trial in the Superior Court the plaintiff introduced the auditor's report and rested. The defendant's foreman in its highway department then testified that

the sidewalk at the place of the accident was of brick and that it was "wavy in appearance because of shallow places, and slightly higher places in it; that there were no bricks missing at the point described, nor were there any bricks raised abruptly from each other; the curbstone was tipped outward." On cross-examination this witness testified that "some bricks were depressed in places and the surrounding bricks were higher; in other words elevations and depressions . . . ."

A witness called by the plaintiff testified that the curbstone was tipped toward the street for a distance of about fifteen or twenty feet; that the sidewalk bricks which abutted it in places had fallen down and that in one place there was rather a large hole where bricks had originally abutted the curbing; that the hole was approximately eleven or twelve inches in length; that the inner edge of the curbstone at the hole was approximately four inches deep, gradually sloping upward toward the center of the sidewalk.

At the close of the evidence the defendant requested a ruling that upon the evidence the plaintiff was not entitled to recover; that the notice served upon the city by the plaintiff was not sufficient under G. L. (Ter. Ed.) c. 84, § 18, in that it did not set forth the cause of the plaintiff's alleged injuries. These requests were refused subject to the defendant's exception. The judge found for the plaintiff, and the defendant excepted.

The only question of law presented for decision is whether the cause of the plaintiff's injury was properly described in the notice to the defendant, as required by G. L. (Ter. Ed.) c. 84, § 18. The defendant's contention cannot be sustained. The findings of the auditor that at the place of the accident the bricks were uneven, that one or more of them had sunk causing a hole or depression, and that a brick was about three inches higher than the sunken brick beside it, were consistent with the description of the cause of the plaintiff's injury in the notice as "elevations and depressions" in the sidewalk, as was also the testimony of the witness called by the plaintiff, that the bricks in the

sidewalk in different places had fallen down, that there was a place where there was rather a large hole approximately eleven or twelve inches in length, that the sidewalk was wavy, that the inner edge of the curbstone at the hole was approximately four inches deep gradually sloping upward toward the center of the sidewalk. In *Lyon* v. *Cambridge,* 136 Mass. 419, 420, it was said in referring to the notice: "In the notice, no mention was made of the depression, which alone constituted the supposed defect." In the present case we are of opinion that the notice properly described the cause of the injury. The case is governed in principle by *Carberry* v. *Sharon,* 166 Mass. 32, *Tobin* v. *Brimfield,* 182 Mass. 117, *Naze* v. *Hudson,* 250 Mass. 368, *Messner* v. *Springfield,* 261 Mass. 142, 144, and distinguishable from cases which merely describe the cause of the injury as due to the defective and dangerous condition of the way, *Noonan* v. *Lawrence,* 130 Mass. 161, or as a defect in the street, *Miles* v. *Lynn,* 130 Mass. 398, *Brown* v. *Winthrop,* 275 Mass. 43. The judge properly could have found that there was no intention to mislead, and that the defendant was not in fact misled by the notice. *Liffin* v. *Beverly,* 145 Mass. 549.

*Exceptions overruled.*