Petting-ell, J.
Action of tort to recover for personal injuries received when the plaintiff fell because of an alleged defective condition of a sidewalk in the defendant city. The sole issue is whether the ruling of the trial judge, that the notice given by the plaintiff is a sufficient notice, is prejudicial error.
The defendant’s contention is that the notice is not sufficient because it specifies the cause of the injury as “a defect on the sidewalk of the highway which the city knew or should have known about”.
It was early held that the statute requiring notice of the time, place and cause of such an injury was not complied with, as to the statement of cause, by a specification *67 that the cause was a “defective and dangerous condition of the way”. Noonan v. Lawrence, 130 Mass. 161, at 162; or “a defect in the street”, Miles v. Lynn, 130 Mass. 398, at 400, 401; or, “a defect in the highway”, Madden v. Springfield, 131 Mass. 441, at 442.
The St. of 1808, c. 114, amended the law by providing that no notice given under the original statute (P. S. c. 52, Section 19) should “be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury; provided, that it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby”.
In Gardner v. Weymouth, 155 Mass. 595, at 597, the distinction between an “inaccuracy” in stating a time, place or cause, and an “omission” to state such an element, was first pointed out. The significance of this distinction was clearly enunciated by Holmes, C. J. in Tobin v. Brimfield, 182 Mass. 117, at 119; it is there stated that,
“If there is an omission to state the place, there must be a counter notification. If there is an inaccuracy in stating it there need not be, but the notice will not be invalidated except upon the further conditions just mentioned. (Intention to mislead, and the defendant’s being misled.) ”
This distinction between an “inaccuracy” and an “omission” has not always been carefully maintained. The apparently contra decision in Carberry v. Sharon, 166 Mass. 32, may be due to such a failure, that case having been decided after Gardner v. Weymouth, 155 Mass. 595, and before Tobin v. Brimfield, 182 Mass. 117.
In later cases, however, the distinction is carefully made and the application of the statute exactly observed. If there *68 is an “inaccuracy”, no counter notice is necessary, and the plaintiff may recover if there was no intention to mislead and the defendant was not in fact misled, if there is an “omission”, a counter notice is necessary; if the counter notice is sufficiently given, the questions of intent to mislead and whether the defendant was in fact misled, have no pertinency.
In Brown v. Winthrop, 275 Mass. 43, the cause of the injury was described in the notice as “defect in the sidewalk”. This was held to be an insufficient notice (page 46). A counter notice was given. The court said,
“The failure to state the cause of the accident * * * was an omission and not an inaccuracy which the plaintiff might meet by proof that there was no intention to ¡mislead and that the defendant was not in fact misled.”
In Merrill v. Springfield, 284 Mass. 260, the cause of the injury was described in the notice (page 261) as “a defective, dangerous condition of said crosswalk in which snow and ice accumulated”. The court said, “This notice was insufficient since the cause is not specific”. There was a counter notice. The court, at page 262, then quoted almost verbatim the language of the court in Brown v. Winthrop, already cited.
In Cameron v. Somerville, 285 Mass. 307, at 310, the court makes an interesting grouping of the earlier cases. The cause of the injury was described in the notice as “elevations and depressions in said sidewalk”; at page 310, the court said,
“In the present case we are of opinion that the notice properly described the cause of the injury. The case is governed in principle by Carberry v. Sharon, 166 Mass. 32, Tobin v. Brimfield, 182 Mass. 117, Naze v. *69 Hudson, 250 Mass. 368, Messner v. Springfield, 261 Mass. 142, 144, and distinguishable from cases which merely describe the cause of the injury as due to the defective and dangerous condition of the way. Noonan v. Lawrence, 130 Mass. 161, or as a defect in the street, Miles v. Lynn, 130 Mass. 398, Brown v. Winthrop, 275 Mass. 43”.
Although this language does not overrule Carberry v. Sharon, except by implication, in effect it nullifies it by associating it with decisions more logical and substantial which are actually inconsistent with it.
In King v. Boston, 300 Mass. 377, the court said at page 380,
“The original notice was fatally defective in that there was an entire omission to state in it the place of residence of the plaintiff. It was not merely inaccurate in that particular. An inaccuracy might be met by showing that there was no intention to mislead and that the party entitled to the notice was not in fact misled; but there was no statement whatever in that notice on that subject. An omission cannot be cured in that way, but after a counter notice must be remedied by a notice supplying the necessary information. Failure to give a proper notice in response to the request of the city, within the five days specified in the_ statute, bars the plaintiff from maintaining her action * * *. The omission of the statement in the notice of the place of residence of the person injured stands on the same footing as omission of other requisites of a valid notice.”
In Blanchard v. Stones, Inc., Mass. Adv. Sh. (1940) 2173, the notice did not state any specific cause of the accident but the defendant did not give a counter notice and was not allowed to avail himself of the omission to state the cause of the accident.
*70 In the ease at bar the failure of the plaintiff to state in the notice a specific cause of the accident was an omission. The defendant gave “a good and sufficient counter notice” setting out that the plaintiff had not adequately stated the cause of the injury. The plaintiff elected to stand upon the original notice and did not give a further notice. The defendant, therefore, was left in position to avail itself of the omission to state the cause of the injury. It does not appear in the report in what manner the defendant raised the issue, but it is apparent from the report that the issue was raised, and was ruled upon by the trial judge adversely to the defendant, and was specifically reported by the trial judge. The case having been so reported, we must assume that all proceedings necessary to present to this Division the questions raised in the report have been complied with. Ashton Valve Co. v. Jean, 273 Mass. 360, at 361, 362.
In our opinion, the ruling of the trial judge that the notice is sufficient is wrong and constitutes prejudicial error. There is a fatal omission to .state in the notice the cause of the injury which the plaintiff, after receipt of a proper counter notice has failed to correct.
The finding for the plaintiff is to be vacated; in accordance with the report, judgment is to be entered for the defendant.