BENJAMIN F. COFFIN *vs.* INHABITANTS OF PALMER.

Hampden.    September 25, 1894. — October 18, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defective Highway — Notice of Place — Due Care.*

A notice to a town that a person has been injured by a defect in the sidewalk of a street at a point "just northerly of the northerly side of the entrance to the passenger station" of a railroad company, sufficiently designates the place of the injury, under Pub. Sts. c. 52, § 19, if, in an action for such injury, it appears that the sidewalk was constructed on the easterly side of the street under a railroad bridge, through the easterly abutment of which an entrance led up to a station above, and the evidence tends to show that the injury occurred a little way from the entrance, and not more than fifteen or twenty feet northerly of it.

In an action against a town for personal injuries occasioned to the plaintiff by falling, after dark on a snowy night, upon a hump of ice on the sidewalk of a frequented street which is constructed under a railroad bridge, having an entrance therefrom to a passenger station above, although he knew of the existence of the ice, having noticed it earlier in the day, and was not thinking of it at the time when he fell, if he testifies that he was going cautiously because it was slippery, and that he went along as cautiously as he could, and it appears that the sidewalk was in common use, and that another person was using it at the time of the accident, the question whether the plaintiff was exercising due care is for the jury.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in Commercial Street, in the defendant town. Trial in the Superior Court, before *Richardson*, J., who allowed a bill of exceptions, in substance as follows.

It appeared in evidence that Commercial Street ran southerly from Main Street under the track of the Boston and Albany Railroad, the distance from Main Street to the bridge over the railroad track being about eleven rods; that a sidewalk, the surface of which was concreted, had been constructed from the southerly side of Main Street along the easterly side of Commercial Street, to and under the bridge, to the southerly side thereof; that there was an iron railing extending the entire distance under the bridge on the edge of the sidewalk towards the street, for the protection of travellers upon the sidewalk; and that through an opening in the easterly abutment supporting the bridge a passageway about twelve feet wide, provided

with stone steps, led up to the passenger station of the railroad company, the northerly side of the passageway being about forty-seven feet from the northerly side of the bridge.

It was conceded that Commercial Street was one which the defendant was bound to keep in repair. It was shown by the plaintiff that, within the time required by law, a notice was served on the defendant, stating the time when the injury was received, and giving as the cause the icy and slippery condition of the walk, and as the place a point on the walk " just northerly of the northerly side of the entrance to the passenger station " of the railroad company.

The plaintiff testified that he was sixty-eight years old, and had lived in the defendant town about twenty-two years; that he lived on Commercial Street, about one thousand yards southerly from the railroad bridge; that the accident occurred under the bridge, on February 25, 1893, between six and seven o'clock in the evening; that he was going home, and " it was a snowy night"; that he was carrying three parcels; that as he went under the bridge he met another man; that, just as he passed him, the plaintiff " stepped over a bulge of ice," and fell upon the sidewalk, receiving the injuries complained of; that there were people passing backwards and forwards after he fell; that he had seen the condition of the walk previously to that time; that the bulge seemed to be like a half icicle, a foot and a half or two feet wide with a bulge in the centre from five to seven inches high; that there had been a bulge of that kind in the sidewalk there a number of days; that it was dark, except that there was a lamp kept at the end of the passageway leading up to the station, which reflected a little light; that the snow was blowing down a little through the passageway; that he did not know exactly where this ice was, but he should say that " it was a little inclined to be toward Main Street, between the bridge and Main Street"; and that he should say it might be fifteen feet or it might be twenty feet from the northerly end of the abutment.

On cross-examination, the plaintiff testified, among other things, as follows: " I knew that there had been ice there. There had been ice there that day and previous to that day. I think I did n't notice it when I went up. I saw it there in the

forenoon, the day I was hurt, in the daylight. I turned out for it and went near the railing. By going near the railing, I could not escape the ice ; it extended clear across. I held on to the railing to keep my feet from going out from under me. It seemed to be dangerous. I had escaped danger there in that way more than once. I always, when I came up and down, put my hand on the railing. I had escaped the danger of this particular piece of ice a number of times by taking hold of the railing. My taking hold of the railing on other occasions besides that morning had no reference to this piece of ice in particular, but it was slippery quite a long ways. I did it all the way to guard against accident. . . . I was going along, and had no thoughts of falling. I did n't have any idea there was any obstruction that would throw me, because I was n't thinking about it. It was dark, and I went along as cautiously as I could. I did n't think about falling at all. I was going cautiously, because it was slippery. I knew that it was slippery. This did not lead me to recall the fact. I did not think of it till I fell. I thought it was slippery all along the sidewalk. I could n't take hold of the railing with my hands full. This is not the reason; I probably should n't have done so. I was n't thinking about slipping down."

Edward Goodes, a witness in behalf of the plaintiff, testified that he went over the sidewalk under the bridge the morning after the accident and saw a bar or ridge of ice on the sidewalk extending from the abutment, about two or three feet from the passageway going toward Main Street, nearly across the sidewalk, and being at the highest point near the abutment some ten or twelve inches above the level of the sidewalk ; and that the bar of ice was not more than two or three feet northerly from the northerly side of the passageway leading to and from the station.

George E. Davis, a witness for the plaintiff, testified to the existence of a formation of ice some three or four inches thick, and covering a space on the sidewalk from three to four feet in diameter, located just at the northerly side of the bridge, but whether this existed at the time of the accident he was not able to state.

William Holbrook, a witness for the defendant, testified that he was the town's physician; that on March 4, following the accident, be was sent by the selectmen to examine the plaintiff ;

and that the plaintiff then told him that the ridge of ice upon which he fell was on the sidewalk "just at the point where the same is intersected by the northerly side of the passageway leading from the station, just as you turn from the passageway to go towards Main Street."

Frank W. Taylor, a witness for the plaintiff, testified that he met the plaintiff just before the accident; and that he was ten or fifteen feet beyond him when he heard him fall, and turned around and saw him sitting on the sidewalk. On cross-examination, he testified that the ridge of ice was about half-way from the point where persons go up stairs to the railroad station and the end of the bridge towards the street.

There was no claim that there was more than one ridge or bulging piece of ice on the walk under the bridge.

It was in evidence that the carriageway which ran along next to the sidewalk was at the time of the injury open and in a passable condition, and led directly from Main Street past the plaintiff's house.

At the close of the evidence, the defendant requested the judge to rule as follows:

"1. If the plaintiff knew of the existence of the defect at the time of the injury, and before he came in contact with it, and exercised no care or caution to prevent the injury, he is not entitled to recover. 2. If the plaintiff knew of the existence of the defect, but at the time of the injury had forgotten it, and made no attempt to avoid it and avoid injury, he is not entitled to recover. 3. No sufficient notice of the time, place, and cause of the injury was given to the defendant. 4. There is no evidence for the jury that the plaintiff was in the exercise of due care. 5. Upon all the evidence, the plaintiff is not entitled to recover."

The judge refused to give the last three rulings requested, but gave the first and second in the following form: "If the plaintiff knew of the existence of the dangerous piece of ice on the sidewalk at the time he attempted to pass over it, and exercised no care or caution to avoid damage and injury upon it, he is not entitled to recover. If the plaintiff, at the time of the injury, knew of the existence of the alleged dangerous defect, but at the time of the injury had forgotten it, gave no thought to it, used no care to avoid it and made no attempt to avoid it and avoid injury, he is not entitled to recover."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. L. Gardner,* for the defendant.

*S. S. Taft & J. B. Carroll,* for the plaintiff.

BARKER, J. 1. In our opinion the notice was good. It indicated clearly that the place where the injury was received was upon the easterly sidewalk under a certain railroad bridge, and said that it was at a point on the walk just northerly of the northerly side of a certain side entrance, leading to a railway station above; and the evidence tended to show that the place of injury was a little way from, and not more than fifteen or twenty feet northerly of the entrance.

2. The question of the plaintiff's care was for the jury. Although he knew of the danger from the ridge of ice, and was not thinking of it at the time when he fell, and although he might have taken the roadway instead of the sidewalk, there were other dangers arising from snow, from other icy places, and from darkness, and he testified that he was going cautiously because it was slippery, and that he went along as cautiously as he could; and it also appeared that the sidewalk was in common use, and that another person was using it at the time of the accident.　　　　　　　　　　*Exceptions overruled.*