remain whether the possession of one acting as she did ought to be extended beyond the necessary implication of his or her overt acts, and therefore whether Mrs. May properly could be found to have been in possession of the land outside the buildings. *Carey* v. *Buntain*, 4 Bibb, 217.

It appears from the decree that testimony was offered and rejected that the holder of the tax title had expended the money received upon the mortgage, and more, in taxes, repairs, etc. We perceive no ground upon which this can help the mortgagee in the present proceeding, not to speak of the difficulties which the mortgagor would encounter in making out a case within the analogy of Pub. Sts. c. 173, §§ 17, 18, if analogy was enough.

*Decree affirmed.*

Mᴀʀɢᴀʀᴇᴛ McLᴇᴀɴ *vs.* Cɪᴛʏ ᴏғ Bᴏsᴛᴏɴ.

Norfolk.    November 20, 1901. — November 21, 1901.

Present: Hᴏʟᴍᴇs, C. J., Kɴᴏᴡʟᴛᴏɴ, Lᴀᴛʜʀᴏᴘ, Hᴀᴍᴍᴏɴᴅ, & Lᴏʀɪɴɢ, JJ.

*Way*, Defect in highway, Statutory notice.

Pub. Sts. c. 52, § 19, provides that in order to recover for injuries caused by a defect in a highway the person so injured must give notice of the time, place and cause of the injury within thirty days. St. 1894, c. 389, § 1, provides that no defendant shall take advantage of an insufficiency of such a notice without giving the plaintiff within five days of its receipt a notification in writing that the notice is insufficient and requesting a further notice forthwith. "And if the person legally authorized to give such notice shall, within five days after the receipt of such notification and request for a further written notice, give a further written notice complying with the law as to the time, place and cause of the injury or damage; such notice shall be of the same legal effect as if it had been given at the time of the original notice, and shall be considered as a part thereof." A notice given to a city under Pub. Sts. c. 52, § 19, was defective in not naming the place of the accident. Within five days the city notified the plaintiff that his notice was insufficient and requested a further notice. More than five days after he received this notification but within thirty days from the time of the accident, the plaintiff served on the city a notice good in all respects if served in time. *Held*, that the notice was good, a sufficient notice given within thirty days being none the less so because the plaintiff had given an insufficient one before.

Tᴏʀᴛ to recover for injuries alleged to have been caused by a defect in a highway in the city of Boston. Writ dated July 31, 1900.

At the trial in the Superior Court, before *Bishop*, J., the only question of law raised was in regard to the sufficiency of the notice required by the statute. It appeared, that the injury occurred on April 8, 1900. On April 30, a notice of the alleged injuries and claim for damages was served on the defendant, which was defective in not naming the place of the accident. On May 1, the inspector of claims of the defendant notified the plaintiff's attorneys that the notice was insufficient and requested them to give a further notice. On May 8, the plaintiff served on the city a notice in all respects sufficient if served in time.

St. 1894, c. 389, § 1, is as follows: "In an action to recover for bodily injury, or damage to a person in his property, hereafter sustained, no defendant shall avail himself in defence of such action of any omission to state in the written notice now required by law, the time, place or cause of the injury or damage, unless, within five days after the receipt of a written notice given by the person entitled to give the same within the time now required by law, which notice shall refer to the injury or injuries sustained and claim damages or payment therefor, the person or corporation receiving such notice, or some one in his or its behalf, shall give to the person injured, or to the person giving or serving such notice in behalf of the person injured, or to the executor or administrator of the person injured, a notification in writing that the notice given is not in compliance with the law, and requesting forthwith a further written notice which shall comply with the law. And if the person legally authorized to give such notice shall, within five days after the receipt of such notification and request for a further written notice, give a further written notice complying with the law as to the time, place and cause of the injury or damage; such notice shall be of the same legal effect as if it had been given at the time of the original notice, and shall be considered as a part thereof."

The defendant requested the judge to rule, that the plaintiff having served a notice on the defendant which was defective in stating the place of the injury, and having been served with a notice requesting a further written notice which should comply with the law, and the plaintiff not having given a further written notice complying with the law as to the time, place and cause of the injury or damage within five days of the receipt of the

request for a further written notice which should comply with the law, the plaintiff could not recover. The judge refused so to rule, and submitted the case to the jury.

The jury found for the plaintiff in the sum of $1,084; and the defendant alleged exceptions.

*S. M. Child*, for the defendant.

*D. W. Murray*, for the plaintiff.

BY THE COURT. A sufficient notice given within thirty days is none the worse that the plaintiff has given an insufficient one before.

*Exceptions overruled.*

———

BOSTON AND ALBANY RAILROAD COMPANY *vs.* CITY OF WORCESTER.

Worcester.   October 2, 1900. — November 25, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Damages,* Under grade crossing act.   *Easement.*

Under St. 1890, c. 428, a railroad company is entitled to be allowed damages for land owned by it outside of its location taken for the new location of a highway in abolishing a grade crossing, and also for land so owned abutting on the highway and damaged by the change of grade.

Where, under St. 1890, c. 428, a highway is carried over a railroad by an overhead bridge and a portion of the railroad location is used for the abutments of the bridge and the approaches to it, no new easement is imposed thereby upon the land of the railroad for which the railroad company can recover damages under § 5 of the statute, even where the new overhead way is not laid out at the point at which the way formerly crossed the railroad at grade, but on account of the lay of the land is deflected and carried over the railroad at another place in the immediate neighborhood. LATHROP, J. dissenting.

PETITION by the Boston and Albany Railroad Company, under St. 1890, c. 428, and acts in amendment thereof, for the assessment of damages occasioned to the petitioner by the taking of certain of its lands for streets and the abutments of bridges over the petitioner's tracks in Worcester, constructed as a part of the abolition of certain grade crossings in Worcester, filed April 1, 1892, and notice thereof to the city of Worcester issued January 17, 1895.