GERTRUDE E. FRANKLIN *vs.* CITY OF WORCESTER.

Worcester.   October 5, 1909. — January 5, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Way,* Defect in highway, Coal hole in sidewalk.

At the trial of an action by a woman against a city under R. L. c. 51, § 18, for injuries sustained, while the plaintiff was a traveller upon a sidewalk of a public way where there was considerable travel, by reason of her falling partly into a coal hole in the sidewalk, there was evidence tending to show that the plaintiff was walking " as any one naturally would " upon the sidewalk on a rainy day in October when the sidewalk was very wet, that the cover of the coal hole was displaced by her stepping upon it and that she fell into the hole. A witness testified that he had slipped into the same hole two years before, that he had inspected the hole and cover then, that then the stone " was worn a little around " and that he thought that the cover did not fit snugly. The occupant of the adjoining building testified that the coal hole had not been changed for sixteen years, that he knew of the accident to the witness two years before that to the plaintiff, but that no change was made in the cover until after the plaintiff's injury. There was no evidence that the cover of the coal hole had been secured by a fastening during the two years preceding the injury to the plaintiff. The presiding judge ordered a verdict for the defendant. *Held,* that the verdict

should not have been ordered for the defendant, since it could not be ruled as matter of law that the defendant might not have had reasonable notice of the defect by the exercise of proper care and diligence.

TORT under R. L. c. 51, § 18, for injuries alleged to have been caused by the plaintiff's stepping upon the cover of a coal hole opposite a store on Main Street in Worcester, and by the cover slipping to one side because of a defective condition of which the defendant had notice or should have had notice. Writ dated July 19, 1907.

The case was tried before *Aiken,* C. J. The material portions of the evidence were as follows:

The plaintiff testified that on October 6, 1906, a rainy day when the sidewalk was very wet, she " was walking along with my natural way as any one naturally would," and that the first she knew one of her feet went down in a coal hole up to her hip; that she had been over that sidewalk many times, but never had noticed anything unusual about it; that there was coal beneath the lid, and that her foot touched it; that when she first noticed the cover of the hole it was a foot or more away from the hole.

One Helen L. Hall, a companion of the plaintiff, testified that all she noticed about the lid was that it was pushed about a foot to one side from the hole, that it was not turned over and that it tilted up on one side to some extent as though there were something under it.

One Joseph I. Anderson testified in direct examination that about two years before the accident to the plaintiff he had slipped into the same hole, that he then inspected the hole for a few minutes, that the stone " was worn a little around " and that he thought the cover did not fit snugly. In cross-examination he testified that he had been over that sidewalk many times since, but that he had not looked at the coal hole; that at the time when he fell into it he did not replace the cover and did not go into the store in front of which it was; and that " so far as I know the city had no notice of what happened to me."

One Sven E. Hansen, who occupied an office in the building in front of which the coal hole was situated, testified that he had been there for sixteen years and knew the condition of the

hole ; that the condition of the hole was not changed in any way until the accident to the plaintiff ; that he heard of Anderson's falling into the hole ; that the cover of the hole was not changed until the plaintiff fell into the hole ; that not long after that the old cover was taken away by a moulder who made a new cover ; that the old cover was on when the plaintiff was hurt.

At the close of the evidence for the plaintiff the Chief Justice ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

The case was submitted on briefs at the sitting of the court in October, 1909, and afterwards was submitted on briefs to all the justices.

*J. E. Sullivan & D. F. O' Connell*, for the plaintiff.

*E. H. Vaughan*, for the defendant.

HAMMOND, J. This is a close case. Still a majority of the court think the evidence, although meagre, would warrant a finding that the stone into which the iron cover was set was worn so that the cover did not rest firmly upon it and was liable to be displaced when stepped upon in a certain manner ; that the cover of the coal hole had been continuously in substantially this condition for two years before the accident to the plaintiff, and was dangerous to public travel, and that it was displaced by the plaintiff stepping upon it at the time of the accident. There was no evidence that during all that time the cover had been secured by any fastening. It fairly might be inferred also that there was considerable travel over the sidewalk where the accident occurred.

Upon such findings and conditions it could not be ruled as matter of law that the defendant might not have had reasonable notice of the defect by the exercise of proper care and diligence. The case is plainly distinguishable from cases like *Hanscom* v. *Boston*, 141 Mass. 242, and must be classed with cases like *McGaffigan* v. *Boston*, 149 Mass. 289, and *Harrigan* v. *Worcester*, 198 Mass. 354.

No citation of authorities is needed to show that the question of due care of the plaintiff was also for the jury. The ruling directing the verdict for the defendant was erroneous. In the opinion of a majority of the court the entry must be

*Exceptions sustained.*