EDWARD W. BURKE, administrator, *vs.* CITY OF LYNN.

Essex.   November 4, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Way,* Public: defect.   *Notice.*

Where, at the trial of an action against a city under R. L. c. 51, § 18, for personal injuries suffered by a traveller on a highway by reason of an alleged defect in a sidewalk, there is evidence that on a dark and rainy night the traveller stumbled on the curbing at the edge of the sidewalk where one curbstone had sunk three inches lower than the curbstone adjoining, it cannot be said as a matter of law that negligence on his part contributed to the injury.

A traveller on a public way has a right to rely somewhat upon an expectation that the sidewalk will be free from any dangerous defect.

If, in an action against a city under R. L. c. 51, § 18, for personal injuries suffered by a traveller on a public way in a city and caused by a defect in a sidewalk on the easterly side of the way adjoining land of one S, it appears that, in a notice given by the traveller to the city under R. L. c. 51, § 20, the place of the injury was described erroneously as on the westerly sidewalk of the way adjoining the land of S, that the description of the place of the injury in the notice in all other respects was accurate, that there was no defect on the westerly sidewalk, and that the only land owned on the way by a person named S was that on the easterly side where there was a defect in the sidewalk which accorded with the other details of the description in the notice; and if the city did not give the counter notice required by § 22 of the statute, it is improper to order a verdict for the defendant on account of the error in the notice; because findings are warranted that the traveller did not intend to mislead in giving the notice, and that the city was not misled thereby.

TORT, under R. L. c. 51, § 18, by the administrator of the estate of Michael Burke, for personal injuries received by the plaintiff's intestate on November 19, 1907, from a fall caused by his stumbling on Bridge Street in Lynn where a curbstone had sunk below the level of the adjoining curbstone.   Writ dated March 28, 1908.

In the Superior Court the case was tried before *Pratt,* J.   There was evidence tending to show that the curbstone in question had sunk three inches below the curbstone adjoining and that it had been in that condition for from six months to a year.

The testimony of the defendant's claim agent, referred to in the opinion, was to the effect that, relying on the information

contained in the notice given to the defendant, he went to Bridge Street and examined only the westerly sidewalk; that he knew only one Sullivan who owned land on the street, and that that land was on the easterly side of the street. He also stated that, from information that he had, he had reason to believe that there was land on the westerly side of the street owned by a person named Sullivan, and that he relied on that being the fact.

Other material evidence is described in the opinion.

At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. A. Kiely,* for the plaintiff.

*A. G. Wadleigh,* for the defendant, submitted a brief.

SHELDON, J. It is impossible to say that the evidence would not have warranted a finding that the plaintiff's intestate was in the exercise of due care at the time of the accident. He was walking along the sidewalk in the usual way. It was a dark and rainy night. It does not appear that he knew of the existence of the alleged defect, and there was nothing but the darkness to call for any particular vigilance on his part. The effect of this circumstance was for the jury. That he must have been near the curbstone, or that his foot may have been over it when his toe hit the edge of the protruding stone, could not have been decisive against him. There was positive evidence that he was not under the influence of liquor. He had a right to rely somewhat upon an expectation that the sidewalk would be free from any dangerous defects. The case comes under the principles laid down in *Woods* v. *Boston,* 121 Mass. 337; *Flynn* v. *Watertown,* 173 Mass. 108; *Franklin* v. *Worcester,* 204 Mass. 22; *Connelly* v. *Boston,* 206 Mass. 4; *O'Neil* v. *Chelsea,* 208 Mass. 307.

The defendant has not contended that there was not evidence of an actionable defect, of which the defendant might have had sufficient notice by the exercise of reasonable care and diligence. See *Sawyer* v. *Newburyport,* 157 Mass. 430; *Lamb* v. *Worcester,* 177 Mass. 82; *Franklin* v. *Worcester,* 204 Mass. 22.

The notice to the defendant erroneously stated that the injury occurred on the westerly sidewalk of the street. It in fact occurred on the easterly sidewalk. But the rest of the notice was accurate and sufficient. The place was identified by the reference

to the property of Sullivan. The defect was, as it could be found, plainly visible on the sidewalk, and there was no such defect on the westerly sidewalk. No counter notice was given by the defendant under the provisions of R. L. c. 51, § 22. The jury could have found on all the circumstances that there had been no intention to mislead in giving the notice, and that the defendant was not in fact misled. *Liffin* v. *Beverly*, 145 Mass. 549. *Veno* v. *Waltham*, 158 Mass. 279. *Fuller* v. *Hyde Park*, 162 Mass. 51. *Coffin* v. *Palmer*, 162 Mass. 192. There is nothing to the contrary of this in *Tobin* v. *Brimfield*, 182 Mass. 117, relied on by the defendant. The testimony of the defendant's claim agent was not conclusive in its favor.

The case should have been submitted to the jury; and the entry must be

*Exceptions sustained.*