MARGARET ROLAND *vs.* JAMES J. KILROY.

Suffolk.    November 22, 1932. — February 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Of one owning or controlling real estate. *Ice and Snow. Notice.*

The provisions of G. L. (Ter. Ed.) c. 84, §§ 18, 19, 21, were not complied with by a letter from an attorney at law to the owner of a building notifying him merely "that a claim has been placed with this office against you for an immediate adjustment on account of severe injuries sustained by her" at a certain time on a certain date "by reason of artificial accumulation of ice in front of the premises, owned and controlled by you . . . [at a described location]. Kindly give this matter

your immediate attention by turning this communication over to your insurance company or attorney with whom I may confer in view of an adjustment": the notice did not contain the name of the injured person and was not signed by her or by some one in her behalf.

*It seems*, that the above statutory provisions as to notice might have been found to have been complied with if, within thirty days after the alleged injury, there was sent by the same attorney and received by the owner a second letter, stating that, by the previous letter, "I notified you of a claim placed with this office by . . . [naming the injured person] the person who on account of injuries sustained by her on" the date named in the first letter "by reason of falling on the sidewalk in front of" the same premises described in the first letter, "which premises are owned and controlled by you. I am preparing to institute suit unless I hear from you immediately on receipt of this letter."

In an action of tort for personal injuries sustained when the plaintiff fell on ice on a sidewalk adjacent to the wall of a building owned and controlled by the defendant, the plaintiff was not entitled to recover upon showing that the eaves of the building overhung the sidewalk, that ice formed from water dripping from those eaves and that such ice caused him to fall, if he did not show the length of time that the ice had remained on the sidewalk previous to the accident or the length of time that the eaves had remained in a condition whereby water was permitted to drip on to the sidewalk.

TORT for personal injuries. Writ dated March 12, 1928.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence and exceptions saved by the plaintiff are described in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*M. Michelson*, (*H. Sesnovich* with him,) for the plaintiff.

No argument nor brief for the defendant.

PIERCE, J. This is an action of tort for personal injuries sustained by the plaintiff by reason of falling on an artificial accumulation of ice on the sidewalk in front of premises numbered 110 Lawn Street, in Boston, on February 18, 1928.

At the trial to a jury the defendant admitted that he was the owner and in control of the premises at the time of the accident; that the wall of his building was upon the sidewalk and the eaves overhung the sidewalk. "There was testimony that the roof gutters were defective and water dripped from the eaves to the sidewalk where it formed ice upon which the plaintiff slipped and fell, breaking her wrist." The bill of exceptions purports to contain

"All the facts and evidence material to the questions involved." At the close of the charge the plaintiff excepted to the refusal of the judge to rule as requested and to certain parts of the charge. The jury returned a general verdict for the defendant. The case is before this court on the exceptions saved as aforesaid.

At the trial it was in evidence that an attorney on behalf of the plaintiff dictated and mailed three letters, postage prepaid and correctly addressed to the defendant. The defendant admitted the receipt of two of the letters introduced in evidence as Exhibits number 3 and number 4, and denied a receipt of the third letter. A carbon copy of the third letter was introduced in evidence as Exhibit 5. Exhibits 3 and 4 bear the same date, February 23, 1928. Exhibit 3 is addressed to "James J. Kilroy, Esq." Exhibit 4 is addressed to "Owners, Lessees or Occupants." The material part of each exhibit reads as follows: "This letter is to notify you that a claim has been placed with this office against you for an immediate adjustment on account of severe injuries sustained by her on the 18th day of February about 8 P.M. by reason of artificial accumulation of ice in front of the premises, owned and controlled by you numbered 110 Lawn Street, Roxbury, Mass. Kindly give this matter your immediate attention by turning this communication over to your insurance company or attorney with whom I may confer in view of an adjustment. Yours very truly, (signed) Samuel J. Witkin." Exhibit 5, dated March 3, 1928, is addressed to "Mr. James J. Kilroy 110 Lawn St., Roxbury, Mass.," and reads as follows: "On February 23, 1928, I notified you of a claim placed with this office by Margaret Roland on account of injuries sustained by her on Feb. 18th, by reason of falling on the sidewalk in front of 110 Lawn St., which premises are owned and controlled by you. I am preparing to institute suit unless I hear from you immediately on receipt of this letter. Yours very truly, (signed) Samuel J. Witkin."

G. L. (Ter. Ed.) c. 84, §§ 18, 19, 21, require that notice of the time, place and cause of the injury shall be given to the defendant by the plaintiff; that said notice shall be

given within thirty days after the injury occurs and that "Such notice shall be in writing, signed by the person injured or by some one in his behalf." The service of a written notice of the injury sustained by the plaintiff, executed in the manner required by G. L. (Ter. Ed.) c. 84, § 19, is a condition precedent to any right of recovery against an individual for damages sustained by the plaintiff by reason of snow and ice upon a public highway. *Merrill* v. *Paige,* 229 Mass. 511, 512–513. It is plain Exhibit 3 and Exhibit 4 state the time, place and cause of the injury sustained by a client of an attorney who sent these notices to the defendant, but it is obvious that neither exhibit is signed by the plaintiff or by some one on behalf of the plaintiff.

Exhibit 5 states the time and place of the injury but not the cause of the injury. It sufficiently states that it is a notice of a claim for damages which is given on behalf of the plaintiff by her attorney. Whether Exhibit 5 was received became a vital issue between the parties. The judge in dealing with this issue charged the jury as follows: "You have heard counsel for the plaintiff testify . . . that this letter [Exhibit 5] was written at his direction and mailed to the defendant in the regular course . . . there is an issue of fact there, but it appears that the letter was actually mailed, postage prepaid, to the address of the defendant. That is *prima facie* evidence that it was received. It is not necessarily controlling, but it is *prima facie* evidence that the letter was received. It is for you to say whether this communication was sent as alleged, and received by the defendant, whether or not he remembers about it at the present time. These notices, taken together, undertake to designate the person injured and the time and place of the accident. They contain a specific notice that the defendant was being held liable for the injuries sustained, but it is for you to say whether or not those communications taken together are a sufficient compliance with the requirements that notice should be given of the time, place and cause of the accident; given by the injured party or somebody in her behalf." The plaintiff's exception to the statement of the judge that "if those two notices [Exhibits 3 and 4] had

been the only notices in the case, there would have been a noncompliance with the statute, and I should have been obliged to direct a verdict for the defendant" is without merit. The fact that those exhibits were not signed by the plaintiff and did not purport to be signed on behalf of any one who could be identified without extrinsic inquiry was fatal to the validity of the statutory notices and distinguishes this case from *Merrill* v. *Paige*, 229 Mass. 511.

The issue whether or not the letter (Exhibit 5) was received by the defendant was submitted to the jury with the issue of the defendant's liability in damages for the harm to the plaintiff, with a statement that "it is a condition precedent to recovery in this action that the plaintiff should comply with certain statutory requirements as to notice." If the letter (Exhibit 5) was not received the plaintiff's case failed. There was a general verdict for the defendant. In the absence of a special verdict it cannot be assumed that the jury may not have found for the plaintiff on the issue whether or not the letter (Exhibit 5) was received. We therefore proceed to consider whether there was error in the refusal to give certain rulings and in certain parts of the charge given.

The plaintiff's requests for rulings which were refused are as follows: (1) "If water dripped from the eaves of the building owned and controlled by the defendant onto the sidewalk and formed ice there and the plaintiff fell thereon while in the exercise of due care, the plaintiff may recover damages"; (2) "One who so constructs or maintains a structure upon his own premises as to cause an artificial discharge or an accumulation of water upon a public way which by its freezing makes the use of the way dangerous, will be liable to one who, being rightfully on the way and in the exercise of due care, is injured in consequence of such dangerous condition"; (3) "A landowner in the possession of his premises who collects water and pours it in an artificial channel in such a manner as to cause the accumulation of ice on the sidewalk is the efficient cause in the creation of a nuisance and may be held liable for the damages which ensue as a probable consequence."

The plaintiff had no cause of action for damages against the defendant for injuries sustained by her as a consequence of falling on ice on a sidewalk adjacent to the defendant's premises based on the admitted facts that the defendant owned and was in control of the premises at the time of the accident to the plaintiff and that the wall of his building on the premises overhung the sidewalk, and on the evidence that roof gutters of the building were defective and that water dripped from the eaves to the sidewalk and formed thereon the ice upon which the plaintiff fell, without further evidence showing the nature of the defect and the probable length of time it had existed before the time of the dripping of water upon the sidewalk. The eaves of the building were not a nuisance in themselves, the roof gutters might become such if inadequate to take the roof waters, or being adequate were negligently allowed to become ineffective to discharge such waters. If applicable to the facts admitted and to the testimony offered in evidence, requests numbered 1 and 2 were pertinent and state with substantial accuracy the principles of law which deal with the duty and liability of abutting owners with respect to water which is cast by nature upon their premises and by some artificial condition existing thereon is accumulated and discharged upon a sidewalk in some manner and by some means other than that in which it naturally would reach it. *Davis* v. *Rich*, 180 Mass. 235, 238. *Field* v. *Gowdy*, 199 Mass. 568. *Brewer* v. *Farnam*, 208 Mass. 448.

The charge of the judge was that "if you have in any case a permanent form of construction . . . of such kind that it must inevitably result in an accumulation of snow and ice and dispersion of it on the sidewalk, then the landlord is held to knowledge of the actual construction of his premises, and if there are conditions that are due to inherent defects of construction, where the obvious, natural and only thing that could happen would be to discharge water on the sidewalk, then of course you are to have that in mind when you are determining whether or not the landlord [owner] should *or* should *not* have reasonably known of the existence of the defect, and what is reasonable knowl-

edge is simply a question to be determined by the facts of each case; what the nature of the defect was. Was it the kind of defect that was inherent in the structure of the building, and something that by its very nature and character must have existed for a substantial period of time? If the defect is of that nature that it has existed for a substantial period of time, then it would be within your discretion to find that the landlord is reasonably charged with knowledge of that." This portion of the charge is to be read in connection with a part of the charge which preceded it and in substance was as follows: If a person accumulates water on his property, if he has a building that has a roof that tends to collect water which falls into a gutter or conductor, and makes no provision for its discharge other than from the building to the sidewalk, and the water is then carried and freezes, and some one is injured by the accumulation of ice due to the collection of water on the roof and the concentration of it, the landowner is liable for the injury if the failure to dispose of the water arose from a neglect on the part of the owner to provide other means of disposing of the water without creating a hazard of the kind described, "provided it was a condition that he knew about, or ought to have known about." Considering the two portions of the charge together, we think it was sufficiently favorable to the plaintiff and that her exceptions to the refusal to give the requested rulings and to the charge must be overruled. It was not sufficient for the plaintiff to show, as she contends, that the defendant is the owner in control of a building the eaves of which overhang the sidewalk, and that ice formed from the water dripping from those eaves caused her to fall and suffer injury, regardless of the length of time that ice has remained on the sidewalk prior to the accident, and regardless also of the length of time that the eaves have remained in the condition of overhanging the sidewalk; but she must prove by additional evidence that the owner or person in control was in default in maintaining improper or defective eaves which allowed water to drip on the sidewalk. We find no reversible error and the exceptions must be overruled.

*So ordered.*