Donovan, S. J. —
This is an action of Tort in which the plaintiff seeks to recover for personal injury by her sustained by reason of a defect in the sidewalk in Hudson Street, a public way, in the City of Boston.
The trial judge found for the defendant.
The sole question before us is the sufficiency of the plaintiff’s written notice to the defendant of her name, place of residence, and the time, place and cause of her injury, and *118 is based upon the denial of the plaintiff’s requests for rulings Nos. 8, 10, 11 and 12.
Chapter 84, Sections 18 and 19, General Laws (Ter. Ed.), as amended by Chapter 114 of the Acts of 1933, requires that in any case where a person is injured by reason of a defect in a public way which by law a City is obliged to keep in repair, the injured person shall, within thirty days thereafter, give to said City written notice of the name and place of residence of the person injured and the time, place and cause of his injury and provides that the words “place of residence of the person injured” shall include the street and number, if any, of his residence as well as the name of the City thereof, and that said written notice may be given to the Mayor, the City Clerk or Treasurer of said city.
The plaintiff sustained her injury on October 22, 1938. She then, and as late as November 21, 1938, resided at No. 161 Harvard Street, in the Dorchester District of said Boston.
Within thirty days after said October 22, 1938, to wit:— on October 28, 1938 the plaintiff, through her counsel, gave to the City Clerk of the defendant what purported to be a written notice of her name, place of residence, and the time, place and cause of her injury. Within five days thereafter, to wit: — on November 1, 1938 the defendant, in writing, notified the plaintiff, through her counsel, that her said written notice was insufficient and in said writing requested the plaintiff “to give forthwith a further,notice which shall comply with the law.” Within five days after the receipt of said written notice and request from the defendant, to wit: — on November 7, 1938 the plaintiff, through her counsel, gave to the City Clerk of the defendant what purported to be a further notice of her name, place of residence, and the time, place and cause of her injury.
The first of said written notices given by the plaintiff to the defendant, as aforesaid, described the plaintiff’s place *119 of residence as “Dorchester” but omitted the street and number thereof, and in the second of said written notices the plaintiff’s place of residence was omitted entirely. Unlike the situation where in a case of a mere inaccuracy in such notice the defect may be cured by showing there was no intention on the part of the plaintiff to mislead and that the defendant was not in fact misled thereby, the plaintiff’s failure to set forth in either of her said notices the street and number of her place of residence was a clear omission on her part to give to the defendant the written notice of her place of residence required by law as a condition precedent to her right of recovery, and made said notices fatally defective. Brown v. Winthrop, 275 Mass. 43 and cases collected and cited therein.
After November 7, 1938 it was still open to the plaintiff to cure the defects in her two prior notices by giving to the defendant within thirty days after the date of her injury the written notice of her name and place of residence and the time, place and cause of her injury required by law, McLean v. Boston, 180 Mass. 69 but she failed to do so.
The written communication setting forth the street and number of the plaintiff’s place of residence mailed by the plaintiff, through her counsel, to the City Clerk of the defendant on November 21, 1938 was manifestly a petition directed to the City Council of the defendant for a hearing by that body of her claim against the defendant and was not a written notice which cured the defects in each of her two prior notices, but assuming that it was such a notice and that it did cure said defects, November 21, 1938 was the thirtieth day after the plaintiff sustained her injury, and while it is true that the mailing of said notice, postage prepaid, is prima facie evidence that the City Clerk of the defendant received it in the due course of the mail, Roland v. Kilroy, 282 Mass. 87 at 90, and the trial judge so found, the question as to whether the plaintiff gave the defendant *120 said notice within thirty days after the date of her injury remained one of fact. There was no evidence tending to show that said communication or notice mailed by the plaintiff on said November 21, 1938 was received by the City Clerk of the defendant on. that day or that it was mailed in season to be received by him on that day in the due course of the mail. In the absence of such evidence the finding of fact, “I do not find, that the plaintiff ever gave to the defendant a sufficient notice of the time, place and cause of her injuries within the time required by law” made by the trial judge was clearly warranted and must stand;
Plaintiff’s requests for rulings Nos. 8,10, 11 and 12 were properly denied.
Report dismissed.