ROSE AJAMIAN *vs.* TOWN OF WATERTOWN.

Middlesex.    October 5, 1944. — October 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Way*, Public: defect. *Notice. Practice, Civil*, Question of law or fact.

Evidence, that a defect in a public way consisting of a depression resulting from settlement of the street around the cover of a water box had existed for more than a year when a traveller stepped into the depression and fell, warranted a finding that within G. L. (Ter. Ed.) c. 84, § 15, the municipality in the exercise of reasonable diligence should have discovered and remedied the defect before such injury.

In an action against a municipality under G. L. (Ter. Ed.) c. 84, § 15, the question whether a written notice given to the defendant contains the essentials required by § 18, as amended, is a question of law for the court.

In an action against a municipality under G. L. (Ter. Ed.) c. 84, § 15, for injury resulting from a defect in a public way, notices given by the plaintiff to the defendant appeared to contain the essentials required by § 18, as appearing in St. 1933, c. 114, § 1; and the defendant was not entitled to have the jury given instructions as to possible inaccuracies in the notices further than those which were given, namely, instructions in substance that the burden was on the plaintiff to prove that he did not intend to mislead the defendant by the terms of the notices and that the defendant was not misled thereby.

Tort. Writ in the Superior Court dated September 9, 1940.

There was a verdict for the plaintiff at a trial before *O'Connell*, J.

*J. J. Curran*, Town Counsel, (*R. C. Papalia* with him,) for the defendant.

*T. H. Mahony*, for the plaintiff.

Ronan, J. This is an action of tort to recover for personal injuries which the jury could find were received by the plaintiff on February 10, 1940, while she was crossing Dartmouth Street, a public way in the defendant town, when she stepped into a depression, bringing her foot against the cover of a water box and causing her to fall and to sustain a broken hip. The defendant excepted to the denial of its motion for a directed verdict and to the refusal to grant two requests for instructions.

The defendant concedes that the condition of the way might properly be found to constitute a defect, but contends that there is nothing to show that the defect had existed long enough to enable the defendant in the exercise of reasonable diligence to discover its existence and remedy it. There was evidence that the cover of a water box projected above the surface of the way, that the street had settled around this cover as a result of the excavating and filling of a trench, and that this condition of the street had existed for more than a year prior to the accident. The evidence as to the knowledge that the town or its officials charged with the maintenance of the ways had or ought to have had before the injury to the plaintiff presented an issue of fact which was properly submitted to the jury. *Connelly* v. *Boston*, 206 Mass. 4. *Cook* v. *Boston*, 266 Mass. 159. *Saunders* v. *Medford*, 304 Mass. 464.

The defendant by its third request asked the judge to rule that the plaintiff had failed to give a sufficient and valid notice in conformity with G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1. Upon receipt of the first notice the town called for another notice, and a second notice was furnished by the plaintiff. This last notice stated the time the injury occurred, gave the place of the

accident as on "Dartmouth Street near the corner of Boyl-
ston Street and in the vicinity of a hydrant on the paved
way of the highway near a sewer or water cover," and set
forth the cause of the injury as "a hole or depression in the
locality where the surface of the highway was broken and
depressed. There was also ice in said hole." The second
notice, which by virtue of § 20, as last amended by St.
1939, c. 147, must be considered as a part of the original
notice, set forth the time, place and cause of the injury,
together with the name and residence of the plaintiff.
Whether the notices upon their face failed to contain any
of the essentials that § 18 required to be furnished was a
question of law for the court. An examination of the
notices does not disclose the omission of anything that was
required by this section and they stated all the elements
which, if proved, would impose liability upon the town on
account of the defective highway. *Taylor* v. *Woburn*, 130
Mass. 494. *Shea* v. *Lowell*, 132 Mass. 187. *Pendergast* v.
*Clinton*, 147 Mass. 402. *Higgins* v. *North Andover*, 168
Mass. 251. See *Dooling* v. *Malden*, 258 Mass. 570; *Merrill*
v. *Springfield*, 284 Mass. 260; *King* v. *Boston*, 300 Mass.
377; *Pecorelli* v. *Worcester*, 307 Mass. 425.

The final contention of the defendant is that the notice,
when considered with the testimony, was inaccurate in
stating the place and cause of the injury as a hole or de-
pression, and that it therefore was entitled as requested by
its fifth request to have the jury instructed to the effect
that the burden of proof was upon the plaintiff to show
that the defendant was not misled by the "plaintiff's failure
to give notice."

The place of the accident was described in the second
notice with enough particularity to give the defendant ade-
quate information as to its location, and it corresponded
exactly to the place shown by the testimony as the spot
where the plaintiff was injured. An injury due to a defect
in a highway is ordinarily attributable to the condition of
the way at the place where it occurred, and the cause as
stated in the written notice required by § 18 may be ampli-
fied and aided by the description of the place of the injury

as given in the notice.  Here the cause was described as a hole or depression which was near a sewer or water cover on the paved way of a certain street near its intersection with another street and in the vicinity of a hydrant.  The testimony including the photographs showed that the depression was adjacent to and surrounded the cover.  The jury could find that the injury would not have occurred but for the depression, and that the depression caused the plaintiff's foot to come in contact with the cover.  Even if it could be assumed in favor of the defendant that the notice was inaccurate in stating the cause of the injury as the hole rather than the cover, *Naze* v. *Hudson,* 250 Mass. 368;  *Crowell* v. *Malden,* 273 Mass. 456, we think that the jury were, in substance, instructed that the burden was upon the plaintiff to prove that she did not intend to mislead the defendant by the terms of the notices and that the defendant was not misled thereby.  The defendant was entitled to no more.  Strictly speaking, the fifth request could not be given in the form in which it was presented, for the question was not whether the defendant was misled by failure to give notice as the request assumed but whether it was misled by the notices which the defendant admitted it had received.

*Exceptions overruled.*