*First District Court of Eastern Middlesex*

No. 1758 of 1952

*Northern District*

No. 4894

## HELEN McLAUGHLIN

v.

## CITY OF MELROSE

(January 12, 1956)

*Connelly, J.*  In this action the plaintiff seeks to recover damages under G. L. c. 84, §15, for personal injury caused by a defect in the way known as Washington Street in the City of Melrose. The case was tried before (*Russell, Sp. J.*). The only question involved is the sufficiency of the notice given to the defendant under G. L. c. 84, §18.

The accident occurred on October 4, 1951, about 8:30 A.M. The following notice dated October 16, 1951, by the plaintiff's attorney was duly given to the defendant:

"  This is to notify you for and in behalf of Helen McLaughlin, of 23½ Berkeley Road, Nantasket, Hull, Massachusetts, who on October 4, 1951, at about 8:30 A.M., fell and sustained injuries as a result of a defect in the way.

This defect consisted of a twelve foot excavation, in front of 76 Washington Street, extending from the right hand side of the macadam as you face in the direction of Malden, and extending from the right-hand side twelve feet directly to the center or crown of the highway;

two and one-half feet wide, and two and one-half inches at its greatest depth and one-half inch minimum depth.

For said injuries Helen McLaughlin claims damages."

The City Solicitor of the defendant then sent a letter dated October 22, 1951, to the plaintiff's attorney, stating

" Your communication of October 16th to the City Clerk of Melrose, on behalf of your client Helen McLaughlin, has been referred to me.

Your communication refers to the date of injury as October 4, 1951. It is my information that on that date no trench or other excavation had been dug in Washington Street at or near No. 76 by the City, or existed to the knowledge of the City.

Will you please verify the date on which Miss McLaughlin claims to have sustained injuries."

The attorney for the plaintiff by letter dated October 23, 1951, to the City Solicitor answered as follows:

" This is to confirm my letter of October 16, 1951, and to comply with your letter of October 22, 1951, in regard to the above matter.

The accident occurred on October 4, 1951, as stated in said letter."

The plaintiff was the only witness at the trial. She testified that as she was alighting from the right side of a bus on the Easterly side of Washington Street in Melrose at her place of employment at No. 37, "she stepped into a pool or puddle of water falling and breaking her ankle; that the water-filled depression was a trench 12 feet long 2½ feet wide and 2½ inches deep, extending along the right or easterly side of the traveled part of the way, Washington Street, at number 37 Washington Street". The Plain-

tiff further testified that "the defect referred to in the communication of October 16, 1951, was that of an excavation 12 feet long extending from in front of 76 Washington Street, on the westerly side of Washington Street, perpendicular to the road, and extending from the road's westerly side to the center or crown of the highway; that it was 2½ feet wide and 2½ inches deep at its greatest depth, and that this was not the place where the plaintiff fell."

At the conclusion of the plaintiff's testimony the defendant without resting asked the Court to rule that upon all the evidence in its aspect most favorable to the plaintiff, the plaintiff was not entitled to maintain her action. A motion by defendant for Entry of Finding for Defendant was filed and later an Agreed Statement of Facts was filed. Based upon the Agreed Statement of Facts, which stated that it contained all the evidence, the Court allowed the defendant's motion and reported the case to this Court under the provisions of G. L. c. 231, §108, for determination, on the question of law involved.

In a case as this the remedy of the plaintiff under G. L. c. 84, §15, is strictly limited and entirely statutory and requires the plaintiff to sustain the burden of proof on all requirements of the law. The notice gave the name and place of residence of the claimant and the time, place and cause of the injury, and contained all the essential elements required by §18 of the above chapter, and it was delivered within the statutory period of thirty days. It is clearly not an omission to state a requirement of the law. *Tobin v. Brimfield*, 182 Mass. 117; *Ajamian v. Watertown*, 317 Mass. 242. There was, however, an inaccuracy in the notice as to the place of the defect. The notice placed it in front of 76 Washington Street, which the evidence showed was on the Easterly side of the Street, but the plaintiff testified that the defect was on the Westerly side at No. 37 Washington Street.

The City could have availed itself of the five day counter-notice mentioned in §20 of the Chapter, but it did not do so. The letter of the City Solicitor dated October 22, 1951, was not a counter notice and it was not intended to be. It was simply an inquiry as to the time of the injury and did not contain the essentials required by §20. It should be noted also that there was no evidence and nothing in the Agreed Statement of Facts to show the distance between No. 37 and No. 76 Washington Street.

That left the case within the scope of §18 of the Chapter, which in part provides that "such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the name or place of residence of the person injured, or the time, place and cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact mislead thereby".

Thus the burden is placed upon the plaintiff to show that there was no intention to mislead and that the defendant was not in fact misled. *Tobin v. Brimfield,* 182 Mass. 117; *Ajamian v. Watertown,* 317 Mass. 242. There is a complete absence of any evidence and nothing in the Agreed Statement of Facts on this issue, except the letter of the City Solicitor inquiring as to the date. The letter showed some confusion in the minds of the city officials and had a tendency to mislead. *Dooling v. Malden,* 258 Mass. 570; *Pecorelli v. Worcester,* 307 Mass. 425. The plaintiff failed to sustain the burden of proof in this regard.

*Report to be Dismissed.*

Francis W. Keating, for the plaintiff.

A. Van Allen Thomason, for the defendant.