*Municipal Court of the City of Boston*
No. 211271

## HUDSON DEAN

### v.

## CITY OF BOSTON

Argued: Oct. 16, 1970  Decided: Nov. 4, 1970

*Present:* Adlow, C. J., Morrissey, J.

Case tried to *Glynn, J.* in the Municipal Court of the City of Boston No. 211271.

**Adlow, C. J.** In this action plaintiff seeks to recover for personal injuries sustained by him by reason of a defect in a public way.

*There was evidence that* on January 27, 1968 at about 11:00 A.M. the plaintiff was walking on the sidewalk near the Williams School; that there was a rise in said sidewalk; that said rise was located about three feet from the alleyway which allegedly runs parallel to East Berkeley Street. The rise was about four (4) inches high and eight (8) inches wide and ''consisting of the edge of an adjacent granolithic block rising four (4) inches from the level of the adjoining sidewalk.'' Notice of said injury was given to the City of Boston, and investigators for the city visited the area indicated by the notice. Photographs were taken of the alleged scene of the accident and of the surrounding area. Both plaintiff and defendat had photographs taken of the area in issue and these were in evidence during the trial and have been annexed to this report.

Material to the issue raised by this report is the actual notice received by the defendant which describes the place of injury thus:

''On the sidewalk in front of the basketball court of the Williams School, a rise in the sidewalk, about 3 feet from the alleyway which runs parallel to East Berke-

ley Street, about 4″ high and 8″ wide consisting of the edge of and adjacent granolithic block rising 4″ from the level of the adjoining sidewalk.''

The plaintiff testified that he was walking on the sidewalk ''near the Williams School''; and that the defect was about three feet from the alleyway which runs parallel to East Berkeley Street. On cross-examination the plaintiff was asked to locate the defect on a photograph and he pointed to a defect on the southerly side of the alleyway. This defect was not near the basketball court nor in front of the Williams School, but in front of a building located on the southerly side of the alleyway.

Without doubt there is a disparity between the location specified in the notice to the city and the point indicated on the photograph by the plaintiff. Despite the variance the court has found that the notice was legally sufficient and there was no intent by the plaintiff to mislead the city.* Were this issue a new one we might

---

* G.L. c. 84, § 18 provides: "A person so injured shall, within ten days thereafter, if such defect or want of repair is caused by or *consists in part of snow or ice, or both*, and in all other cases, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within two years after the date of such injury or damage. Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in

well heed the objection of the defendant to this variance, but in view of the court's findings that a legally sufficient notice had been given and that there was no intention to mislead, we feel compelled to rule that the court was warranted in finding and ruling as it did. *Liffin* v. *Beverly,* 145 Mass. 549. *Hughes* v. *Lawrence,* 160 Mass. 474. *Ajamian* v. *Watertown,* 317 Mass. 242. *Elwell* v. *Athol,* 325 Mass. 41.

**Report dismissed.**

JOHN A. O'LEARY
  for the Plaintiff.
DAVID H DROHAN
  for the Defendant.

### REPORTER'S NOTE
*Notices to Municipalities*
*Concerning Highway Defects.*

Notice, as required by G.L.c.84, §18 is mandatory for several purposes, such as to prevent fraud, to afford the municipality to keep and maintain the way in a safe condition, to afford it to remedy the defect and to prevent future occurrence of injuries, that is, to protect its interests against the claimant and against future happenings which could grow out of the existing condition, to provide notification that in-

---

stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby. The words "place of residence of the person injured", as used in this and the two following sections, shall include the street and number, if any, of his residence as well as the name of the city or town thereof.

jured person intends to hold the municipality responsible in damages for the injuries sustained. As to the latter, it can readily be seen that the municipality's knowledge of the defect is not the equivalent of legal notice of the defect. Many a person is injured who does not intend to pursue any claim or legal remedy. It is only to the persons who give the required notice of their intention to pursue their legal remedies in the courts that the statute (G.L.c. 84, §18) requires their giving of written notice to the municipalities that they intend to sue, as a condition precedent to the preservation of their rights. Notice is a warning of a claim of liability. *Brown* v. *Winthrop*, 275 Mass. 43 and cc. It keeps the claim alive. *Shea* v. *Lowell*, 132 Mass. 187, 189.

The "notice" is not construed with technical strictness. *Spellman* v. *Chicopee*, 131 Mass. 443. *Brennan* v. *Cambridge*, 332 Mass. 613 (Notice stated tree root was three feet from front of store at certain address when it was only one foot. Notice sufficient). Sufficiency of notice is question of law for court. *Ajamian* v. *Watertown*, 317 Mass. 242, and cases coll. (Dartmouth Street near the corner of Boylston Street and in the vicinity of a hydrant on the paved way of the highway near a sewer or water cover" was sufficient). *Goodwin* v. *Fall River*, 228 Mass. 529, 531-533 (Physical or mental incapacity to give notice (G.L.c. 84, §19) lack of power to use mind and is not mere physical in-

ability to get around etc.). *Stoliker* v. *Boston*, 204 Mass. 522 (Insane plaintiff). .*Coffin* v. *Palmer*, 162 Mass. 192 (Notice was sufficient although evidence disclosed that defect was about 15-20 feet away from place described). *Elwell* v. *Athol*, 325 Mass. 41, 44 (Notice not invalid because year not stated where chairman of selectman admitted he had received the notice within 30 days of accident). *Nage* v. *Hudson*, 250 Mass. 368 (Burden is on plaintiff to show there was no intention to mislead and that municipality was not misled). *Berguson* v. *Clinton*, 265 Mass. 1 (No intention to mislead). *Babish* v. *Cambridge*, 337 Mass. 274. Inaccuracy not fatal. No intention to mislead). *McCarthy* v. *Stoneham*, 223 Mass. 173, 176. *McLean* v. *Boston*, 180 Mass. 69 (Upon demand for counternotice, plaintiff may cure defects in original notice). .*Carberry* v. *Sharon*, 166 Mass. 32 (Statement that plaintiff was thrown from her carriage was sufficient recital of "cause" of her injury due to defect in highway). *McCarthy* v. *Stoneham*, 223 Mass. 173 (Intent to mislead is jury question. Grade stake placed by employee of town). *Burke* v. *Lynn*, 219 Mass. 302, 303-304 (Description of "place" accurate except minor point. No intention to mislead). *Tobin* v. *Brimfield*, 182 Mass. 117 (Selectmen were misled) *Bailey* v. *Everett*, 132 Mass. 441 (Notice sufficient that plaintiff was thrown into ditch through negligence of town in not keeping street and ditch in proper repair). *Savory* v.

*Haverhill*, 132 Mass. 324 (Notice was sufficient that "please take notice that on the 9th day of Oct. 1879 while driving through Kent Street, the wheel of my carriage collided with a stone in the highway directly in front of Bailey's house and in consequence I was thrown from my carriage and greatly injured "It was of substantial value to the city in investigating the transaction.") *Dalton* v. *Salem*, 132 Mass. 278 (It is not necessary that the notice designate the "cause" of the injury as a defect so long as it recites the facts concerning the condition of the way). *Spellman* v. *Chicopee*, 131 Mass. 443 (Notice sufficient of "cause" of injury that walk was out of repair and was coated with ice and was very slippery and unsafe, by reason of which he fell and was injured. It is not sufficient to assign as the "cause" that the way was defective, or in a dangerous condition or out of repair. It should state the existing conditions which together constitute the "cause" and cause of the injury), *Donnelly* v. *Fall River*, 130 Mass. 115 (Notice stated that plaintiff had been injured by a defect on a certain street which street was half mile long. "Place" was not sufficiently designated therefore notice was insufficient). *Miles* v. *Lynn*, 130 Mass. 398, 401 (Oral notice to an investigating or friendly police officer is insufficient).

To say in the notice that the injury was caused by a defect in the road or street gives no sufficient information. It does not indicate

whether the accident resulted from a gas pipe, or broken plank, absence of bricks, a hole caused by flowing water under the walk, nor from what other bad condition of the way. The statute is intended to secure to the municipality, information as to the exact locality, and the nature of the alleged defect. *Miles* v. *Lynn*, 130 Mass. 398, 401. The notice must be so reasonably specific as to time, place and cause, as to be of substantial assistance to the proper authorities in investigating the question of the municipality's liability. *Noonan* v. *Lawrence*, 130 Mass. 161 (Merely saying on "Oak Street" was insufficient to designate the "place") *George* v. *Worcester*, 326 Mass 446 (Notice, although inaccurate, was not misleading and did not mislead city). *Marshall* v. *Cambridge*, 310 Mass. 822 (Omission of "place" of injury was fatal. Omission is not an inaccuracy and is insufficient although there is not intention to mislead, or even though municipality is not actually misled. *Dalton* v. *Salem*, 131 Mass. 551 (Notice did not sufficiently describe "cause" of injury where it merely stated that plaintiff was injured by a defect which was a crevice between curbstones, taken in connection with rough condition of street near the sidewalk and the height of the edgestones above the street and claimed defective construction or condition of the street, sidewalk and edgestones at place above named). *King* v. *Boston*, 300 Mass. 377 (Notice insufficient for failure to state place of resident of

claimant). *Blanchard* v. *Stones, Inc.*, 304 Mass. 634 (Specific cause of injuries not stated).*Cameron* v. *Somerville*, 285 Mass. 307, 310 (Collects earlier cases). *Merrill* v. *Springfield*, 284 Mass. 260. (Notice insufficient). *Shallow* v. *Salem,* 136 (Notice of "place" was confusing). *Cronin* v. *Boston,* 135 Mass. 110 (Notice of "place" insufficient) *McLaughlin* v. *Melrose,* 11 Mass. App. Dec. 55 ("place" was misleading).

No notice is required to hold a third person, not a municipality, for injuries resulting from his placing dangerous obstructions within a public way. *Lawless* v. *Trustees of NY, NH & H R.R.,* 310 Mass. 211.

The notice must be received by the municipality within the statutory period — 30 days unless ice and snow then 10 days. It may be served by a sheriff or constable, by a private individual or by regular or certified or registered mail, postage prepaid. *Roland* v. *Kilroy*, 282 Mass. 87, 90. *Anderson* v. *Billerica*, —— Mass. ——: "The mailing, postage prepaid . . . of a properly addressed letter is *prima facie* evidence of its receipt by the addressee, and when there is evidence that it was not received the question becomes one of fact. (citations)." *NY Life Ins. Co.,* 302 U.S. 161.

Under G.L.c. 84, § 19, the notice must be served upon or sent to the Town Clerk, Treasurer, or one of the Selectmen. *Brown* v. *Winthrop,* 275 Mass. 43, 709. So, an additional notice in compliance with G. L. c. 84, § 19 is invalid

as a notice to a defendant town when merely sent to the Town Counsel. *Brown* v. *Winthrop,* 275 Mass. 43. *O'Connell* v. *Cambridge,* 258 Mass. 203.